J-A19036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
       :        PENNSYLVANIA
       Appellant     :
       :
       v.         :
       :
LEROY McCAIN       :      No. 3000 EDA 2016

Appeal from the Judgment of Sentence May 11, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0007290-2013

BEFORE: BENDER, P.J.E., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:      **FILED OCTOBER 18, 2017**

The Commonwealth of Pennsylvania appeals from the judgment of sentence imposed following Leroy McCain's ("McCain") convictions of aggravated assault, conspiracy, simple assault, persons not to possess firearms, firearms not to be carried without a license, carrying a firearm on public streets in Philadelphia, and recklessly endangering another person.[1] We vacate McCain's judgment of sentence, and remand for resentencing.

In its Opinion, the trial court set forth the relevant facts underlying this appeal as follows:

> On May 4, 2013, Anthony Rodriguez [("Anthony")] was selling cell phones at a vending stand near 5th [Street] and Lehigh Avenue in Philadelphia. Wilfredo Rodriguez [("Wilfredo")], who owned the stand, was also working there at that time. Anthony was selling a certain phone on commission for an associate named Mikey. That day, an unnamed buyer drove up to the stand and bought the cell phone from Anthony.

---

[1] **See** 18 Pa.C.S.A. §§ 2702, 903, 2701, 6105(a)(1), 6106(a)(1), 6108, 2705.

Later that day, the buyer returned and complained that the phone he had bought was fake. Anthony replied that he no longer had the buyer's purchase money. [Anthony] asked the buyer to give him a day to get his money back, and the buyer replied that he would be back.

At some point afterward, the buyer returned to the stand and began fighting with Anthony. The buyer had a companion with him, a tall, thin young man. Wilfredo engaged the companion in a fight while the buyer fought with Anthony. During the altercation, the companion called over to [McCain], who was on the other side of Lehigh Avenue. [McCain] came over, and the companion urged him to pull out his firearm. Anthony and Wilfredo saw [McCain] pull a gun out of his jacket or waistband and began yelling, "Don't do it, don't do it." [McCain] pointed his gun at Anthony, seemed to hesitate, and then fired three times at the ground near Anthony. The bullet ricocheted off the cement and struck Wilfredo in the foot.

On May 7, 2013, Detective [Samuel] Gonzalez [("Detective Gonzalez")] took a statement from Anthony in which Anthony identified [McCain] as the shooter from a photo array. At trial, Detective Gonzalez entered into evidence images from a surveillance video from the pawn shop across the street. The image shows "an older male with a – type of dark colored baseball cap, appears he's wearing glasses … dark colored checkered shirt … either black or blue, dark blue, blue and white … with dark color possibly, dark color pants." This matched the description provided by Anthony, which was a "black male, about five-ten … stocky build … looked older, maybe around 50 years old … wearing glasses and a blue baseball cap … wearing [a] black jacket, blue jeans, and he had [] black and white sneakers."

Counsel[] stipulated that, had Detective Dusak been called, he would have testified to blood discovered at the gas station near that location and two .45 caliber FCCs (fire cartridge casings) in the area near the pumps towards Lehigh Avenue. Officer [Gregory] Welsh would testify that the FCC 1 and FCC 2 were fired from the same firearm. The detectives executed a search warrant at [McCain's] residence and recovered a baseball cap. Counsel[] further stipulated that [McCain] was 55 at the time of arrest and did not have a valid license to carry a firearm.

[McCain] was ineligible to possess a firearm due to a prior conviction.

Trial Court Opinion, 12/6/16, at 2-3 (citations to record omitted).

Following a bench trial, McCain was convicted of the above-mentioned crimes. The trial court deferred sentencing and ordered a pre-sentence investigation report ("PSI"). On May 11, 2016, the trial court sentenced McCain to an aggregate term of 11½ to 23 months in prison, with immediate parole to house arrest, followed by 7 years of reporting probation and 50 hours of community service. The trial court did not grant McCain credit for time served.

On May 18, 2016, the Commonwealth filed a Motion for Reconsideration of Sentence, which was denied by operation of law on September 16, 2016. The Commonwealth subsequently filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

The Commonwealth raises the following issue for our review: "Did the [trial] court abuse its discretion where it failed to protect the public from a violent, unrepentant, career felon and offered flawed reasons for its extreme deviation from the sentencing guidelines in imposing a lenient sentence of house arrest for shooting a victim with an illegal firearm?" Commonwealth's Brief at 4.

The Commonwealth argues that the trial court abused its discretion by imposing a sentence below the mitigated range of the sentencing

- 3 -

guidelines.[2] *Id.* at 14. The Commonwealth points to McCain's substantial record (which includes convictions for, *inter alia*, robbery, rape, aggravated assault and possession of a firearm by a convicted felon), as well as his classification as a repeat felony offender. *Id.* The Commonwealth claims that the trial court's sentence fails to protect the public from a violent criminal. *Id.* at 16. Additionally, the Commonwealth challenges the trial court's classification of the shooting as an "accidental injury," and argues that McCain's conviction of aggravated assault precludes a determination that the resulting injury was accidental. *Id.* at 17. The Commonwealth claims that the trial court trivialized Wilfredo's injury by characterizing it as a wound to his foot. *Id.* at 18; *see also id.* (wherein the Commonwealth states that the bullet shattered Wilfredo's shin bone; the injury required surgical repair and the implantation of a metal rod and several screws; and, as a result of the injury, Wilfredo suffers from chronic pain and numbness, walks with a limp, and trips over himself). Further, the Commonwealth argues that the instant offense is a violent escalation from McCain's 2000 conviction of possession of a firearm by a convicted felon. *Id.* at 19, 24.

---

[2] The parties agreed that for persons not to possess firearms, the offense gravity score was 10 (which makes it a "Level 5" offense under the Sentencing Guidelines), and for aggravated assault, the offense gravity score was 8. Additionally, McCain was designated as a repeat felony offender. The trial court calculated the standard range sentence based on the persons not to possess firearms offense, for which the Sentencing Guidelines recommends a minimum sentence of 72 to 84 months in prison, plus or minus 12 months for the aggravated/mitigated range. *See* 204 Pa. Code § 303.16(a).

The Commonwealth additionally notes that McCain tested positive for PCP approximately two months after sentencing, and has failed to provide evidence that he is working, as required under the terms of his parole. *Id.* at 9 n.1, 20.

The Commonwealth challenges the discretionary aspects of the sentence imposed by the trial court. "It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010).

> An appellant challenging the discretionary aspects of [a] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks, brackets and some citations omitted).

Here, the Commonwealth filed a timely Notice of Appeal and preserved its issue in its Motion for Reconsideration of Sentence. The Commonwealth also included a Rule 2119(f) Statement in its brief, wherein it argues that McCain's sentence fails to protect the public, and is an extreme and unreasonable departure from the mitigated range of the sentencing guidelines. Commonwealth's Brief at 11-12. The Commonwealth's argument raises a substantial question. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001) (holding that the Commonwealth raised a substantial question where it alleged that defendant's sentence was excessively lenient, and provided specific reasons why the sentence violated sentencing norms). We will therefore consider the merits of the Commonwealth's claim.

We review the trial court's sentencing determination for an abuse of discretion. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (citation omitted).

The Sentencing Code provides that

the [trial] court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). The trial court must also consider the sentencing guidelines. *See id.* Additionally, when a court imposes a sentence, it must provide a contemporaneous statement of the reasons supporting its sentence. *See id.*; *see also Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008) (stating that "whether or not there is a departure from the guidelines, a court imposing sentence for a felony or misdemeanor shall make part of the record, and disclose in open court during sentencing, a statement of the reasons for the sentence."). Section 9781(d) provides that, when reviewing a sentence, we must consider the following:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d). This Court may conclude that a sentence is unreasonable based upon a review of the factors set forth in Section 9781(d), or based upon a finding that the trial court did not give proper consideration to the general sentencing standards stated in Section 9721(b). *Walls*, 926 A.2d at 964; *see also* 42 Pa.C.S.A. § 9781(c)(3) (directing this Court to vacate a sentence and remand for resentencing where "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.").

Here, the trial court stated its intention to impose a sentence drastically below the recommended guidelines:

> I listened to the attorneys today. I also listened to you as well. I reviewed all the reports that were generated for this hearing. I've also had an opportunity now to review the letters that your attorney passed up to me today. I do feel that you were turning your life around and you had been doing positive things, and that's been indicated from the pastor as well as your employer. I think you worked there for twenty[-]plus years, I think the letter indicated. Yeah, for over twenty years, you know. So that does mean something that you were able to be a productive citizen. However, a crime was committed where unfortunately someone was shot as a result of what you did, so I have to consider that as well. I am going to depart from the guidelines and what I'm going to do on the aggravated assault [charge] is that I am going to give you a sentence of [11½ to 23 months,] followed by five years of reporting probation. That's to be served on house arrest. You will not get any time credit. And I'm going to give you a concurrent sentence on the [persons not to possess firearms charge] of [11½ to 23 months,] followed by five years [of probation]. And then on the [carrying a firearm on public streets in Philadelphia charge,] I'll just give you a consecutive two years of reporting probation. And the reason why I deviated as such is because I took into consideration that you had already been in custody for eighteen months and I'm not giving you time credit for that eighteen months you served, and I also looked at the eighteen months that you had been on house arrest and continued to work. … And a condition also is that you maintain employment, because I know that this is a financially difficult situation for your family and they depend on you so that your mother's house is not lost. … I am also going to order that you perform fifty hours of community service to give back to this community in which[,] unfortunately[,] you took something when you did the shooting, so let's do something positive in the community as a result[,] and it looks like you're already doing that. … I will waive your probationary fee so that you can dedicate it to rebuilding your life, but I want to be very clear to you that if there is any kind of violation[,] this sentence will go away and you will be upstate for what the District Attorney has asked. Okay? So this is your last shot and I trust that you will go out there and be productive.

N.T. (Sentencing), 5/11/16, at 19-22 (paragraph breaks omitted); *see also* Trial Court Opinion, 12/6/16, at 8 (noting that McCain's "most severe charges are second-degree felonies"). Upon review, we conclude that the sentence is unreasonable, in light of the factors outlined in Section 9781(d).

While the buyer and the companion fought with Anthony and Wilfredo, McCain positioned himself across the street. At the urging of the companion, McCain shot his firearm, which he possessed illegally, toward Anthony and Wilfredo. As a result, Wilfredo suffered serious injuries, which required surgery and physical therapy, and which have caused him long-term pain. *See* N.T., 2/16/16, at 84-87.

We observe that a PSI was prepared and reviewed by the trial court prior to sentencing.[3] The PSI reveals that McCain's juvenile record includes 3 arrests and one adjudication of delinquency. Additionally, McCain's adult criminal history includes 20 arrests, which resulted in 7 convictions, including, *inter alia*, robbery, rape, simple assault, and a federal firearms offense, and 10 total commitments. McCain also incurred 9 parole/probation

---

[3] Generally, the existence of a PSI creates a presumption that "the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). However, the presumption is rebuttable. *Commonwealth v. Moore*, 617 A.2d 8, 13 (Pa. Super. 1992) (concluding that sentencing court misapplied the guidelines and remanding for resentencing despite the existence of a PSI, where the court "failed to properly analyze the four factors delineated in [Section 9781(d)] and did not correctly consider and weigh all relevant factors[.]" (citation omitted)).

violations, 6 of which resulted in revocation. The PSI recommends specific prison programs, and provides additional conditions that should be imposed **if** McCain is placed on probation or parole.

The Sentencing Guidelines recommend a standard term of 72-84 months **in state prison** for a repeat felony offender with an offense gravity score of 10. The trial court imposed a sentence of 11½ to 23 months, with immediate parole to house arrest, and 7 years of probation. This sentence is drastically below even the mitigated guidelines range, and ignores the Sentencing Guidelines recommendation that Level 5 offenses correspond to state prison terms, rather than other forms of restrictive intermediate punishment.

Based upon the circumstances of this case and McCain's significant criminal history, which includes violent crimes and a federal firearms offense, and displays his inability to abide by the terms of less restrictive punishments, we conclude that McCain's sentence is unreasonably lenient, and an abuse of the trial court's discretion. ***See Commonwealth v. Wilson***, 946 A.2d 767, 770 (Pa. Super. 2008) (concluding that sentence of 11½ to 23 months in prison, followed by 7 years of probation for robbery was unreasonably low, based on the nature of the crimes, the defendant's past aggressive conduct and continuing threat to the public, and the injuries suffered by the victims); ***see also Commonwealth v. Daniel***, 30 A.3d 494, 497, 499 (Pa. Super. 2011) (concluding that a sentence of 11½ to 23

months in prison, with immediate parole eligibility, and 5 years of probation—which was only 25% of the lowest standard range—imposed following defendant's conviction of aggravated assault and possession of an instrument of crime was excessively lenient in light of the factors outlined in Section 9781(d)); **Kenner**, 784 A.2d at 811-12 (concluding that a prison term of 11½ to 23½ months, plus 8 years of probation, following defendant's guilty plea to aggravated assault was excessively lenient, where victim suffered severe injuries, and the trial court did not sufficiently justify its "radical departure from our sentencing guidelines"). Further, the trial court's stated reasons for deviating from the Sentencing Guidelines (*i.e.*, McCain's work history, his time served in custody and on house arrest, and the court's belief that McCain is "turning his life around") fall short of justifying a less-than-mitigated sentence under the circumstances of this case. **See Commonwealth v. Robertson**, 874 A.2d 1200, 1213 (Pa. Super. 2005) (stating that "[i]f the sentencing court imposes a sentence that deviates significantly from the guideline recommendations, it must demonstrate that the case under consideration is compellingly different from the 'typical' case of the same offense or point to other sentencing factors that are germane to the case before the court."); **see also Kenner**, 784 A.2d at 812. Accordingly, we vacate McCain's judgment of sentence, and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/17