J-A14043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JASON HABBYSHAW | : | No. 959 WDA 2020 |

Appeal from the Judgment of Sentence Entered August 18, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000081-2020

BEFORE: MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED: AUGUST 16, 2021**

The Commonwealth of Pennsylvania ("Commonwealth") appeals from the judgment of sentence imposed following Michael Jason Habbyshaw's ("Habbyshaw") guilty plea to persons not to possess firearms.[1] We affirm.

On January 4, 2020, Habbyshaw drove from Indiana to his ex-wife's home in Pymatuning Township, Mercer County, Pennsylvania. Based upon a report by Habbyshaw's ex-wife, Mercer County 911 advised all police units within the county to be on the lookout for Habbyshaw, driving a Jeep Cherokee Trailhawk with an Indiana license plate. Mercer County 911 also informed police units that Habbyshaw may have a firearm, and had been making suicidal threats to family members residing in Pymatuning Township.

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

At approximately 9:09 p.m., South Pymatuning Township Police Officers Devin Murphey ("Officer Murphey") and Timothy Covert were on routine patrol on Saranac Drive. The officers observed a Jeep matching the description provided by Mercer County 911, driving in the direction of Pymatuning Township, and began to follow it. Officer Murphey confirmed the license plate number, and activated the cruiser's overhead lights. Habbyshaw did not pull over, but proceeded to Colt Road, where his ex-wife lives. The officers detained Habbyshaw and frisked him for weapons. Habbyshaw first denied having a weapon in the vehicle, but ultimately admitted that a firearm was located beneath the front passenger seat. The officers arrested Habbyshaw, after which Habbyshaw agreed to be taken to the hospital for a psychiatric evaluation.

On May 5, 2020, Habbyshaw entered an open guilty plea to persons not to possess firearms, graded as a second-degree felony. On August 6, 2020, the trial court sentenced Habbyshaw to a term of 24 to 48 months in prison, with credit for time served, plus costs.

Habbyshaw thereafter filed a Motion to Reconsider Sentence, citing his severe mental health issues. On August 18, 2020, following a hearing on the Motion, the trial court vacated its prior Sentencing Order, and imposed a new sentence of 17 days to 2 years, less one day in prison, followed by 3 years of probation. The trial court awarded Habbyshaw credit for 17 days served in prison, and directed Habbyshaw's immediate release, to serve the remainder

of his sentence on parole and probation. On August 28, 2020, the Commonwealth filed a Motion for Reconsideration of the Order vacating Habbyshaw's initial sentence, which the trial court denied.

The Commonwealth filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

The Commonwealth now raises the following issue for our review:

Whether the trial court erred in imposing an unreasonably mitigated sentence of incarceration for a period of seventeen (17) days to two (2) years less a day, followed by three (3) years of probation, in light of, *inter alia*, [Habbyshaw's] conduct in this matter; [Habbyshaw's] prior criminal history; the range provided for in the sentencing guidelines; bias and partiality on the part of the sentencing court; and the reasons for mitigation articulated by the [] sentencing court at the sentencing hearings?

Commonwealth's Brief at 6.

The Commonwealth argues that the trial court imposed an "unreasonably lenient" sentence. *Id.* at 15. The Commonwealth claims that the trial court did not adequately consider the circumstances of the offense, as it involved "possession of a firearm by a person who has two (2) prior felonies, coinciding with threats of self-harm, transporting a firearm across state lines, and a refusal to comply with law enforcement." *Id.* at 16. According to the Commonwealth, Habbyshaw did not cooperate with law enforcement, and instead continued to drive for more than a mile after the police had activated their lights and sirens. *Id.* at 17. The Commonwealth also points to Habbyshaw's Prior Record Score of 4, which includes felony convictions of receiving stolen property and burglary. *Id.* at 19. The

Commonwealth concedes that the reasons proffered by the trial court could support a mitigated sentence, but the court nonetheless inappropriately deviated from the mitigated range of the Sentencing Guidelines.[2] *Id.* at 23. Additionally, the Commonwealth claims that the trial court's reliance on Habbyshaw's suicidal state was misplaced, because such state of mind could also indicate violence. *Id.* at 23-25; *see also id.* at 25-26 (arguing that Habbyshaw's agreeability to obtaining mental health treatment after the incident is insufficient to support the mitigated sentence). The Commonwealth argues that the trial court also improperly credited the fact that Habbyshaw's burglary conviction was 20 years old at the time of the incident, and refers to additional misdemeanor offenses in Habbyshaw's record. *Id.* at 26-27; *see also id.* at 26 (pointing out that Habbyshaw "was convicted of a least two more misdemeanor crimes. These occurred in 2002-2003."). Further, the Commonwealth asserts that the trial court improperly emphasized the importance of the letter submitted by Habbyshaw's counselor, Sonja Lingo ("Lingo"), a Licensed Mental Health Counselor. *Id.* at 28-29; *see also id.* at 30 (stating that Lingo did not provide an expert report).

---

[2] During the August 6, 2020, sentencing hearing, the parties agreed that Habbyshaw had a Prior Record Score of 4, and the offense carried an Offense Gravity Score of 9. *See* N.T., 8/6/20, at 11-12. Accordingly, the Sentencing Guidelines recommend a standard range sentence of 36-48 months in prison, plus or minus 12 months for aggravated or mitigating circumstances. *See* Pa. Code § 303.16(a).

The Commonwealth claims that "[t]he sentence of 17 days of incarceration constitutes a period of incarceration approximating less than 2% [of] the length called for at the bottom end of the standard range of the sentencing guidelines." *Id.* at 33. According to the Commonwealth, the trial court's sentence depreciated the seriousness of the crime. *Id.* at 34-35. Pointing to statements made by the trial court during sentencing, the Commonwealth contends that the trial court displayed bias based upon "a fundamental disagreement with the Pennsylvania General Assembly concerning the necessary mental requisite for the crime of persons not to possess a firearm." *Id.* at 36-42 (some capitalization omitted).

The Commonwealth challenges the discretionary aspects of the sentence imposed by the trial court. "It is well[ ]settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. McCain*, 176 A.3d 236, 240 (Pa. Super. 2017) (citation omitted). Prior to reaching the merits of a discretionary sentencing claim,

> [w]e conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument

- 5 -

that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, the Commonwealth filed a timely Notice of Appeal and preserved its issue in its Motion for Reconsideration. The Commonwealth also included a Rule 2119(f) Statement in its brief, wherein it argues that Habbyshaw's sentence is an excessively lenient, drastic departure below the Sentencing Guidelines; the sentence is unreasonable in light of the circumstances of the crime; and the trial court demonstrated bias by making comments about sentencing for the offense of person not to possess firearms. Commonwealth's Brief at 13-14. Further, the Commonwealth's argument raises a substantial question. *See McCain*, 176 A.3d at 241 (concluding that the Commonwealth's assertion that the defendant's sentence constituted an unreasonable departure from the mitigated range of the Sentencing Guidelines and failed to protect the public raised a substantial question); *see also Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001) (holding that the Commonwealth raised a substantial question where it alleged that defendant's sentence was excessively lenient, and provided specific reasons why the sentence violated sentencing norms). We will therefore consider the merits of the Commonwealth's claim.

We review the trial court's sentencing determination for an abuse of discretion. An abuse of discretion may not be found

merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*McCain*, 176 A.3d at 241 (citations and quotation marks omitted).

The Sentencing Code provides that

the [trial] court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with … the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). The trial court must also consider the Sentencing Guidelines. *Id.*; *see also Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (stating that "[w]hen imposing a sentence, the [trial] court is required to consider the sentence ranges set forth in the Sentencing Guidelines…."). Additionally, when a court imposes a sentence, it must provide a contemporaneous statement of the reasons supporting its sentence. 42 Pa.C.S.A. § 9721(b). "Although the sentencing court is required to consider and consult the Sentencing Guidelines when imposing a sentence, it retains the discretion to sentence below the mitigated range[,] as long as it clearly explains the reasons for doing so." *Commonwealth v. Hoch*, 936 A.2d 515, 519 (Pa. Super. 2007); *see also Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008) (stating that "[a]s to the guidelines, they are advisory, not binding on the court. Nevertheless, if the court sentences a defendant outside those guidelines, the court must provide a contemporaneous written statement setting forth its reasons for the deviation therefrom. A court can

- 7 -

meet th[is] requirement … by placing its reasons for departure on the record during sentencing." (citations omitted)).

During the August 18, 2020, hearing on the Commonwealth's Motion for Reconsideration, the trial court referred to its statements from the original sentencing hearing,[3] and additionally stated as follows:

[Y]ou were suicidal at the time, you were experiencing suicidal ideation.

More importantly, since the date of the incident you did seek counseling[,] which I feel is critical, and the second reason again is the fact that the enumerated felonies, the burglaries for which you are subject to this offense occurred back in 2000, almost 20 years ago, and I think that's something to consider as well.

And finally, your counselor states in a letter dated July 10, 2020[,] … Lingo …, and she writes, "I feel it is necessary to reassert my opinion that incarceration would be harmful to [Habbyshaw's] progress. He has shone [*sic*] a sincere interest in addressing his mental health and his goals cannot be achieved if he's in jail. [] Habbyshaw is neither a danger to himself or society, and I firmly believe that with continued therapy he will address the underlying issues that led to his suicidal ideation earlier this year. His progress thus far has been significant, and I anticipate nothing less than a substantial recovery."

And that's something, quite frankly, I did not consider at your sentencing, was what your counselor had written in that letter. I think what she wrote was critical, is critical, and it does

---

[3] At the first sentencing hearing on August 6, 2020, wherein the trial court imposed the mitigated-range sentence, the trial court expressly considered that Habbyshaw was suffering from severe depression and was suicidal at the time he committed the crime; the felony burglary, which made him ineligible to possess a firearm, is 20 years old; and "[Habbyshaw] was the only defendant to report to the Cost Collection Coordinator to get his payment plan[,] thereby evidencing the fact that he can follow orders and laws." N.T. (Sentencing), 8/6/20, at 17, 19.

> evidence a serious amount of counseling on your part so that you do not experience the depression….
>
> Now, having said that, I will advise you that you're going to be on supervision for a very long time, five years. You're going to be on parole for two years less one day and then followed by three years of probation totaling five years. …
>
> Why am I concerned that you are on supervision[? B]ecause I want you to stick with your counseling until your counselor says you're 100 percent …, and it's a specific condition of your probation that you remain on counseling, mental health counseling until it's been terminated….

N.T. (Motion to Reconsider), 8/18/20, at 12-14. Additionally, in its Pa.R.A.P. 1925(a) Opinion, the trial court noted that Habbyshaw "went into counseling immediately after the date of the offense." Rule 1925(a) Opinion, 11/13/20, at 2 (unnumbered).

Here, the record reflects that the trial court considered the relevant sentencing factors, including the Sentencing Guidelines, the nature of the crime, and Habbyshaw's rehabilitative needs. Specifically, during the hearing on the Motion for Reconsideration, the trial court considered the letter submitted by Lingo, Habbyshaw's mental health counselor, which the court deemed "critical." N.T. (Motion to Reconsider), 8/18/20, at 12-13. Habbyshaw also exercised his right of allocution, at which time he voiced his regret and took responsibility for his actions. N.T. (Sentencing), 8/6/20, at 15. While the trial court imposed a *prison* term that is below the mitigated range of the Sentencing Guidelines, the sentence imposed following modification requires a total of 5 years of supervision. Moreover, it appears

that the trial court had the benefit of a pre-sentence investigation report ("PSI").[4] *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (stating that "where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."). Accordingly, because we conclude that the trial court considered all of the relevant factors prior to sentencing, and we otherwise discern no abuse of the trial court's discretion, we cannot grant the Commonwealth relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/16/2021

_____

[4] Neither the docket nor the certified record indicates whether the trial court ordered the preparation of a PSI prior to Habbyshaw's sentencing hearing. Additionally, as the transcripts of the guilty plea hearing are not contained in the certified record, we are unable to confirm whether the trial court directed the preparation of a PSI on the record. However, we note that during the August 6, 2020, sentencing hearing, both the Assistant District Attorney and defense counsel referenced a PSI. The Commonwealth also references a PSI in its appellate brief, and acknowledges that the trial court had the opportunity to review Habbyshaw's PSI. Commonwealth's Brief at 22.