**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL MOLINA | : | |
| | : | |
| Appellant | : | No. 72 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 11, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004970-2022

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED JUNE 27, 2025**

Angel Molina ("Molina") appeals from the judgment of sentence entered by the Bucks County Court of Common Pleas ("trial court") following his entry of a guilty plea to five counts of possession with intent to deliver, one count each of possession of a controlled substance, possession of paraphernalia, criminal conspiracy, and four counts of possession of a firearm prohibited.[1] On appeal, Molina challenges the discretionary aspects of his sentence. We affirm.

On August 18, 2022, two detectives arranged for a controlled purchase of narcotics from Molina. After delivering controlled substances to a confidential informant, police arrested Molina. In the subsequent search,

---

[1] 35 P.S. § 780-113(a)(30), (16), (32); 18 Pa.C.S. §§ 903, 6105(a)(1),

police found Molina to be in possession of several vials containing heroin and fentanyl. They simultaneously executed a search warrant on Molina's residence, and recovered two pistols, one rifle, and one privately manufactured firearm. Additionally, police recovered 684.42 grams of fentanyl, 255.39 grams of methamphetamine, 41.03 grams of cocaine, and other indicia of packaging of controlled substances. Several of the items recovered tested positive for fentanyl and other fentanyl analogs, heroin, and tramadol.

On February 14, 2023, Molina entered an open guilty plea to the above charges. On October 11, 2023, the trial court sentenced Molina to twenty to forty years in prison, followed by ten years of probation.[2] Molina filed a motion to modify and reconsider his sentence. On October 24, 2023, the docket indicated "Filing Returned Without Action – Motion for Reconsideration of Sentence." On November 16, 2023, Molina filed a notice of appeal. Subsequently, Molina discontinued the appeal. On October 7, 2024, Molina filed a petition pursuant to the Post Conviction Relief Act ("PCRA") seeking reinstatement of his post-sentencing rights. On October 11, 2024, the PCRA court granted the petition and reinstated Molina's post sentence rights nunc pro tunc and directed Molina to file the motion within ten days of the order.

_____

[2] The trial court imposed consecutive sentences on three of the convictions, with the remaining sentences imposed concurrently.

On October 21, 2024, Molina filed a "Motion for Reconsideration Of Sentence Nunc Pro Tunc." The trial court denied the motion. Molina filed the instant timely appeal. He presents one issue for our review: "Did the trial court err in imposing a sentence that was manifestly excessive because the trial court failed to take into account [Molina's] age, maturity, rehabilitative needs, personal circumstances and other mitigating factors and focused instead solely on the nature of the charges?" Molina's Brief at 11 (unnecessary capitalization omitted).

Molina challenges the discretionary aspects of his sentence. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (noting that a claim that a sentence is excessive and manifestly unreasonable because the trial court failed to consider all relevant sentencing factors is a challenge to the discretionary aspects of sentencing). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Baker*, 311 A.3d 12, 18 (Pa. Super. 2024) (citation omitted). To invoke this Court's jurisdiction, an appellant must satisfy a four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted). A substantial question is determined on a case-by-

case basis and "exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. McCain***, 176 A.3d 236, 240 (Pa. Super. 2017) (citation omitted).

Here, Molina preserved his claim in a post-sentence motion and filed a timely appeal. Further, Molina's brief contains a Pa.R.A.P. 2119(f) concise statement wherein he asserts that the trial court imposed an excessive sentence without properly considering mitigating factors. Molina raises a substantial question for our review. ***See Commonwealth v. Swope***, 123 A.3d 333, 339 (Pa. Super. 2015) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (citation omitted); ***see also Commonwealth v. Caldwell***, 117 A.3d 763, 760 (Pa. Super. 2015) (holding that a "challenge to the imposition of [appellant's] consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question").

Our standard of review when a defendant raises a challenge to the discretionary aspects of sentencing is well established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather,

the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Lekka***, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

Molina argues that the trial court's imposition of consecutive sentences and failure to consider mitigating factors resulted in an excessive and unreasonable sentence. Molina's Brief at 21, 26-27, 30. He contends that the trial court focused solely on the nature and seriousness of the crime, rather than accounting for his mitigating factors, including his character, history, condition, and rehabilitative needs. ***Id.*** at 18, 24. Molina notes that he dropped out of school in eighth grade, grew up without a father, and had difficulty finding a job. ***Id.*** at 22-24. Molina highlights that the trial court "repeatedly commented on the nature of fentanyl," including the deaths that happen on a daily basis due to fentanyl use. ***Id.*** at 21. According to Molina, the trial court did not impose an individualized sentence, but instead fashioned a "one-size-fits-all" sentence for drug dealers. ***Id.***; ***see also id.*** at 26-27 (noting the trial court also stated that the use of firearms was a common problem across the nation).

The record belies Molina's claims. It reflects that the trial court considered character letters, sentencing memoranda, and the sentencing guidelines. N.T., 10/11/2023, at 3, 16, 19-20. The trial court heard testimony from Molina's mother as to Molina's background and childhood, stating that

he "didn't really have anyone to look up to." *Id.* at 29. The court heard from Molina that he had grown up around violence and drugs, and had many friends die because of the violence. *Id.* at 40; *see also id.* at 45 (wherein the court stated, "[y]ou were contributing to the problem and you continued to contribute to the problem after you got out of jail, knowing that your friends were dying from gun violence and drugs"). The trial court also considered the fact that Molina cooperated with the police. *Id.* at 27. Additionally, the trial court acknowledged Molina's age, stating, "[t]his is a young man. I don't like having to send you to state prison." *Id.* at 25.

The trial court observed that Molina was not a bad person, but "made some really stupid and bad choices" and was under supervision for prior criminal charges when he committed the present crimes. *Id.* at 25, 30. Indeed, as stated by the trial court, Molina was "literally out of jail for four months and started almost immediately selling drugs again." *Id.* at 21. The trial court also considered Molina's past criminal history, including that he was adjudicated delinquent of possession with intent to distribute in 2012, simple assault, intimidation of a witness, possession with intent to distribute, receiving stolen property, and possession of an instrument of crime in 2017. *Id.* at 3-4 It further noted the nature and seriousness of the crimes, and that our General Assembly has deemed fentanyl distribution a "really serious offense, because of all the deaths that happen in our country on a daily basis as a result of fentanyl." *Id.* at 20, 31. The trial court stated that it must

sentence individuals to prison "to preserve our society and protect our society." *Id.* at 25-26.

We find no basis to conclude that the trial court abused its discretion in sentencing Molina. Here, the trial court considered the precise mitigating factors that Molina identified on appeal, including his age, employment, and family history, ultimately concluding that the sentence was necessary to protect the public and to serve his rehabilitative needs. Trial Court Opinion, 1/17/2025, at 17 (finding that the "sentence was imperative to protect the public and ensure [Molina] receives the rehabilitation he so desperately needs"). Further, the trial court found that Molina's actions "placed the community in danger" and that "he continued to make poor choices and chose to take the easy, illegal path." *Id.* at 16.

The sentence imposed in this case properly reflected consideration of the seriousness of Molina's crimes, the impact on community, and balanced that against his mitigating factors. *See Baker*, 311 A.3d at 19 (noting that "the weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the court's exclusive domain"). Therefore, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/27/2025</u>