J-S19038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY BUSKIRK | : | |
| | : | |
| Appellant | : | No. 2692 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 5, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003605-2021

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED JUNE 27, 2025**

Larry Buskirk ("Buskirk") appeals from the judgment of sentence imposed by the trial court following his guilty plea to one count of aggravated assault and one count of possession of an instrument of crime ("PIC").[1] On appeal, Buskirk challenges the discretionary aspects of his sentence. We affirm.

On July 26, 2020, Elisabeth Delliponti ("Delliponti") visited Buskirk at his friend's apartment. Delliponti and Buskirk were not in a relationship at the time, but had previously dated for three months. Buskirk asked Delliponti to move in with him. After Delliponti refused, Buskirk shouted obscenities at her. Delliponti turned to walk down the stairs, at which point Buskirk tackled

_____

[1] 18 Pa.C.S. §§ 2702(a)(1), 907(a).

her from behind. Buskirk then put his arm around Delliponti's throat and repeatedly hit her head and face with a closed fist. Subsequently, Buskirk sicced his friend's pit bull on Delliponti. The dog attacked Delliponti's face, breast, forearm, back, and legs. Buskirk continued to assault Delliponti while the dog attacked her. Delliponti freed herself and climbed onto the pool table. Buskirk struck Delliponti's arms, ribs, and legs with a pool cue until the pool cue broke. When Buskirk let the dog outside, Delliponti escaped. The assault lasted between thirty and forty minutes.

Delliponti suffered bruises, lacerations, and puncture wounds across her body, and dog bite wounds on her thighs, legs, arms, breasts, back, and face. Delliponti required hospitalization for her injuries and seven stitches for the dog bite wound in her thigh. She was unable to work for two months while she recovered from her injuries and continued to experience muscle and tendon damage to the affected areas for over nine months following the assault.

The police arrested Buskirk on July 30, 2020. Between the date of the assault and date of his arrest, Buskirk repeatedly harassed Delliponti via text and social media, including threats to decapitate her, harm her friends, and post nude images of her on social media. Once incarcerated, Buskirk sent Delliponti a series of threatening letters in violation of a court-imposed order. The letters include pornographic drawings, threats of violence, and illustrative sexual innuendos.

Buskirk also exhibited a pattern of threatening and inappropriate behavior during his court appearances. At his first preliminary hearing Buskirk called Delliponti a "f*cking c*nt," and repeatedly asked Delliponti about her relationship status while she testified. The trial court judge ended the proceedings after Buskirk's outbursts and rescheduled a second preliminary hearing.

On April 14, 2022, Buskirk entered into a negotiated plea to one count of aggravated assault in exchange for a prison term of two to four years followed by three years of probation. At the plea hearing, Buskirk continued to turn to face Delliponti and twice refused to face forward at the judge's request. At the judge's third request, when Buskirk again refused to face forward he was removed from the courtroom while stating obscenities directed at the judge. The trial court found Buskirk in contempt of court after a hearing regarding these outbursts and sentenced him to five months and twenty-nine days in jail without parole.

At the rescheduled plea hearing, the trial court judge rejected the negotiated plea deal, at which point Buskirk repeatedly threatened to commit suicide and pointed at the judge and Delliponti to indicate their responsibility for his suicidal thoughts. The trial court held a second contempt hearing regarding these outbursts and sentenced him to five months and twenty-nine days in jail without parole.

On December 1, 2023, Buskirk entered an open guilty plea to aggravated assault and PIC. The trial court accepted the plea and sentenced him to ten to twenty years in prison for the aggravated assault conviction followed by five years of reporting probation for the PIC conviction. Buskirk filed a post-sentence motion, which the trial court denied, and thereafter filed a timely appeal.

Buskirk presents the following issue for our review: "Did the lower court err by imposing a manifestly excessive and unreasonable sentence where the sentence was based solely on the seriousness of the crime and the lower court ignored the significant mitigation presented at the sentencing hearing?" Buskirk's Brief at 2.

Buskirk challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Baker*, 311 A.3d 12, 18 (Pa. Super. 2024) (citation omitted). To invoke this Court's jurisdiction, Buskirk must satisfy the following four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of her appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted). A substantial question is determined on a case-by-

case basis and "exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. McCain***, 176 A.3d 236, 240 (Pa. Super. 2017) (citation omitted).

The record reflects Buskirk filed a timely notice of appeal, properly preserved the issue in a timely post-sentence motion and included a Rule 2119(f) statement in his brief. His claim that the trial court imposed an excessive sentence which only reflected the seriousness of his crime and did not consider any mitigating circumstances raises a substantial question. ***See***

***Commonwealth v. Perry***, 883 A.2d 599, 602 (Pa. Super. 2005) (holding appellant's argument that the trial court solely focused on the seriousness of his offense is contrary to the fundamental norms of the sentencing process and raises a substantial question). We therefore proceed to review the merits of his claim.

Our standard of review of discretionary sentencing challenge is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Baker**, 311 A.3d at 19 (citation omitted). If the trial court was presented with a presentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Miller**, 275 A.3d 530, 535 (Pa. Super. 2022) (citation omitted); **see also Rhoades**, 8 A.3d at 919 ("where the sentencing court had the benefit of a pre[]sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (citation and quotation marks omitted).

"Where the trial judge deviates from the sentencing guidelines ... he must set forth on the record, at sentencing, in the defendant's presence, the permissible range of sentences under the guidelines and, at least in summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range." **Commonwealth v. Garcia-Rivera**, 983 A.2d 777, 780 (Pa. Super. 2009) (citation omitted).

> In every case where the court imposes a sentence or resentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing …, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission, as established under section 2153(a)(14) (relating to powers and duties). Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant.

42 Pa.C.S. § 9721(b).

Buskirk contends that the trial court abused its discretion in imposing a manifestly excessive sentence on his aggravated assault conviction. Buskirk's Brief at 16, 22. He notes that the trial court imposed a statutory maximum sentence, which was well above the aggravated guideline range. *Id.* at 17. He contends that the trial court failed to consider his childhood trauma, addiction issues, mental health diagnoses, and (alleged) acceptance of responsibility, and exclusively focused on the severity of the offense and his behavior in court. *Id.* at 16, 18-19, 21. Buskirk further asserts that the trial court ignored that he was amenable to rehabilitation under court supervision and had expressed his remorse. *Id.* at 17-18, 19-21, 22.

The record reflects that the trial court judge reviewed the presentence investigation report and mental health report, as well as the sentencing guidelines. N.T., 4/5/2024, at 7, 28. The trial court judge also considered the need to protect the public, Buskirk's failure to abide by his court-ordered no contact order, the nature of Delliponti's injuries, Buskirk's prior record score of zero, his behavior in court and contempt of court charges, the gravity of the offenses, and his rehabilitative needs. *Id.* at 28-32.

When sentencing Buskirk, the trial court provided the following explanation for the aggravated-range sentence:

> The victim in this case has continued to be victimized by – you were ordered to have zero contact. I know I ordered it when you pled guilty. You violated that order. You have terrified her. She is physically ill at the thought of having to see you. I also look at her injuries and what you did to her. You beat her with a pool stick. You threw her down stairs. You sicced a pitbull on her. The

bites and the injuries in these photographs, it's – it's unimaginable, all because someone you dated for approximately two or three months did not want to see you anymore…. The gravity of this offense and the impact on the victim, I'm taking into account for the reasons I just said, and your rehabilitative needs. I understand that you may be -- in some of these instances, you were on drugs or alcohol or something else. I find it hard to believe you were on those substances -- and I know full -- I know that you can get things in prison -- but you acted out. You called her a cunt in open court at the first preliminary hearing listing. You -- I know Judge Simmons. She doesn't suffer fool. And she had to have you gagged and handcuffed in her courtroom in order to proceed with the hearing. You acted out in front of Judge Perez, who is now a sitting federal judge, such that she had to find you in contempt multiple times. And I appreciate that you are not acting like that today, and I'm going to acknowledge that it shows you are growing, but there's a lot of work to do and that growth is not enough to have me disregard what you have done. I want to just put on the record some of the text messages that came, I believe the Commonwealth has indicated pre-arrest…. I'm giving you an aggravated sentence for all of those reasons, and I'll supplement the record at a separate time if necessary.

N.T., 04/04/2024, at 28-32; *see also* Trial Court Opinion, 11/12/2024, at 14-15 (unnumbered) (noting it considered various aggravating factors in imposing the sentence, including multiple counts of contempt of court, numerous threats and continued harassment of Delliponti, violations of stay away orders, failure to take accountability for his actions, lack of respect for the court and court orders, and his repeated and escalating violence against women).

We find no basis to conclude that the trial court abused its discretion when sentencing Buskirk. Given that the trial court had the benefit of a presentence investigation report, we therefore presume that it was aware of, and considered, Buskirk's mitigating factors as well as all relevant sentencing

factors. ***See Miller***, 275 A.3d at 535; ***see also id.*** ("The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [presentence investigation report.]"). Indeed, the trial court explicitly considered Buskirk's prior addiction history and health circumstances in imposing the sentence. ***See*** Trial Court Opinion, 11/12/2024, at 12 (unnumbered). Further, the court stated that the weight of the aggravating factors indicated "a long period of incarceration is required for protection of the public." ***Id.*** at 15 (unnumbered). The trial court acted in its discretion in determining that the risk Buskirk presented to Delliponti and the public at large outweighs the mitigating circumstances. ***See Baker*** 311 A.3d at 19 (noting that "the weight accorded to the mitigating factors of aggravating factors presented to the sentencing court is within the court's exclusive domain"). Therefore, we conclude that the trial court did not abuse its discretion in imposing the sentence. ***See Miller***, 275 A.3d at 535.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/27/2025