J-S14013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DYSHON PACK | : | |
| Appellant | : | No. 1928 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 29, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002603-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DYSHON PACK | : | |
| Appellant | : | No. 1929 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 29, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002604-2023

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                                    **JULY 3, 2025**

Dyshon Pack ("Pack") appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas ("trial court") following his guilty plea to two counts each of aggravated assault and firearms not to be

---

[*] Former Justice specially assigned to the Superior Court.

- 1 -

carried without a license.[1]   Pack challenges the discretionary aspect of his sentence.  We affirm.

On November 22, 2022, Justin Ford ("Ford") was walking down North 4th Street in Philadelphia toward a store when Pack fired two shots from his driver's side window, hitting Ford in the back.  Ford survived the gunshot wounds but had to undergo surgery for his wounds.  Five minutes later, Marquise Davis ("Davis") exited a corner grocery store on North 7th Street when Pack fired at Davis while chasing him down the street.  Davis escaped down an alley and avoided being shot.

Pack entered an open guilty plea to the above charges.  The trial court accepted the plea and sentenced Pack to an aggregate term of six to fourteen years in prison—consecutive sentences of one to two years for the aggravated assault of Davis; four to ten years for the aggravated assault of Ford; one to two years for the firearms charge related to Davis; and no further penalty for the firearms charge related to Ford.  Pack filed a post-sentence motion, which the trial court denied.  Pack timely filed a direct appeal.

Pack presents the following issue for our review:

Was the consecutive-in-nature sentence an abuse of discretion, as it was more than necessary to protect the public, vindicate the complainants and rehabilitate [Pack], who had a prior record score of "0"[?]  The sentence did not adequately reflect [Pack]'s severe mental health issues that greatly diminished his culpability, and the sentence did not reflect [Pack]'s significant familial and

---

[1] 18 Pa.C.S. §§ 2702, 6105(a)(1).

community support, his great remorse and acceptance of responsibility by pleading guilty[.]

Pack's Brief at 4.

Pack challenges the discretionary aspects of his sentence.[2] "A challenge to the discretionary aspect of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Baker*, 311 A.3d 12, 18 (Pa. Super. 2024) (citation omitted). To invoke this Court's jurisdiction, Pack must satisfy the following four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of her appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted). A substantial question is determined on a case-by-case basis and "exists only when the appellant advanced a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McCain*, 176 A.3d 236, 240 (Pa. Super. 2017) (citation omitted).

---

[2] We note that when a defendant enters an open guilty plea, he may challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020).

Pack filed a timely appeal, a post-sentence motion, and has included a Rule 2119(f) statement in his brief. Further, Pack's claim that the trial court imposed an excessive sentence without properly considering mitigating factors raises a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) (finding "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citation omitted).

> Our standard of review of discretionary sentencing challenge is settled:
>
> Sentencing is a matter vested in the sound discretion of a sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error of judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Baker*, 311 A.3d at 19 (citation omitted).

Further, if the trial court was informed by a presentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and [] where the court has been so informed, its discretion should not be disturbed."[3] *Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa. Super. 2022); *see also Commonwealth v. Rhoades*, 8 A.3d

---

[3] These factors include "the protection of the public, the gravity of the offense as it related to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "The balancing of these [s]ection 9721(b) sentencing factors is within the sole province of the sentencing court." *Baker*, 311 A.3d at 19 (citation omitted).

- 4 -

912, 916 (Pa. Super. 2010) (noting that where "the sentencing court had the benefit of a pre[]sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (citation omitted).

Pack contends that the trial court abused its discretion in imposing an excessive sentence that was more than was necessary to protect the public, vindicate the victims, and rehabilitate Pack. Pack's Brief at 22. He further argues that sentence did not reflect his severe mental health and diminished culpability, his familial and community support, and his remorse and acceptance of responsibility. *Id.* at 22, 23-24, 25-29. Pack claims that the trial court should have imposed a shorter sentence that was tailored to his specific circumstances and included intense mental health treatment. *Id.* at 29.

The record reflects that the trial court considered the presentence investigation report, sentencing guidelines, the Commonwealth's sentencing memorandum, and Pack's mental health report. N.T., 5/29/2024, at 4, 5. The presentence investigation report disclosed Pack's "extensive mental health history," including his involuntary commitments to mental health hospitals in the past. Presentence Investigation Report, 5/14/2024, at 2. The court also considered the testimony of Pack's brother, father, and his former coach regarding his mental health and general behavior, which they testified

was non-violent. N.T., 5/29/2024, at 15-33. In addition, the court recognized that aggravating factors existed here, including the random and violent nature of the crimes. *Id.* at 39. The trial court expressed its view that Pack would have better access to mental health care while incarcerated. *Id.* at 39-40.

We find no basis to conclude that the trial court abused its discretion when sentencing Pack. Given that the trial court had the benefit of a presentence investigation report, we therefore presume that it was aware of, and considered, all relevant sentencing factors. *See Miller*, 275 A.3d at 535. Further, as noted above, the trial court expressly stated its consideration of the mitigating factors Pack claims it ignored, ultimately concluding that he would be able to receive more assistance for his mental health struggles while incarcerated.

It is in the trial court's discretion to impose the sentences consecutively or concurrently. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013). The sentence imposed in this case properly reflected consideration of the seriousness of Pack's crimes, the impact on the victims, and balanced that against Pack's mitigating factors. *See Baker*, 311 A.3d at 19 (noting that "the weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the court's exclusive domain"). Therefore, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/3/2025</u>