J-S46040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICOLE L. WEYANDT | : | No. 425 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 3, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000737-2021

BEFORE: DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED: May 21, 2024**

The Commonwealth appeals from the judgment of sentence imposed on Nicole L. Weyandt ("Weyandt") following her *nolo contendere* plea to, *inter alia*, possession with intent to deliver ("PWID").[1] We vacate the judgment of sentence and remand for resentencing.

We set forth the relevant factual and procedural history as follows. Weyandt was the passenger in a vehicle that had fled from police and crashed, after which police found methamphetamine in Weyandt's underwear and other narcotics in her purse. *See* Trial Court Opinion, 8/14/23, at 1-2. The total amount of methamphetamine weighed approximately 103 grams. *See* N.T., 11/3/22, at 5. Weyandt was charged with, among other things, PWID. At the plea hearing, the trial court and Weyandt's attorney ("Counsel") initially

_____

[1] *See* 35 P.S.§ 780-113(a)(30).

discussed whether Weyandt would enter a plea if the trial court sentenced her to seven years of probation.[2] **See** N.T., 5/16/22, at 1. At sentencing, the Commonwealth noted, however, that the standard range of the guidelines called for sixty to seventy-two months of imprisonment for PWID due to the weight of methamphetamines, and it requested a presentence investigation report ("PSI"). **See id**. at 3. Counsel noted that Weyandt "would have probably rather picked a jury" were the court to change its mind about imposing a probationary sentence. **Id**.[3] Weyandt, who arrived late to the plea hearing, then entered her *nolo contendere* plea. **See id**. at 5-6.[4] The

---

[2] It is unclear from the plea hearing notes of testimony whether the Commonwealth's representative was present at the time the trial court offered an open plea to Weyandt for "seven years['] probation, [to] plead to everything [for] seven years['] probation," prior to Weyandt's plea and before consideration of the applicable guidelines. N.T., 5/16/22, at 1. This is extremely concerning.

[3] In response to Counsel, the trial court indicated that Weyandt would be able to withdraw her plea if she received a more severe sentence than probation, and that if Weyandt "didn't get into any trouble" between the plea and sentencing dates, "**it's another factor in helping the [c]ourt sentence outside the guideline ranges**." N.T., 5/16/22, at 3-4 (emphasis added). The court then stated, "So we can take the pleas, defer sentence. We'll listen to the [PSI] and then, you know, if the Commonwealth persuades me that jail time is needed[,] I could look at her and go, okay, you know, you can go to trial instead." **Id**. at 4.

[4] Weyandt was also charged with, and pleaded *nolo contendere* to, conspiracy to commit PWID with respect to methamphetamine, two counts of possessing a controlled substance; and possession of paraphernalia. **See** 18 Pa.C.S.A. § 903; 35 P.S. §§ 780-113(a)(16), (32).

trial court accepted the plea and deferred sentencing for the preparation of a PSI.

At the sentencing hearing, the Commonwealth repeated the uncontested guidelines on the record, which, in the standard range, called for a minimum seventy-two to ninety months for PWID. ***See*** N.T., 11/3/22, at 10. The ***mitigated*** range for PWID was sixty months of incarceration. ***See id***.[5] Based on Weyandt's lengthy criminal history involving thirty-three convictions, a prior record score ("PRS") of 5, and fourteen probation revocations, as well as the amount of the methamphetamine involved in the instant case, the Commonwealth requested a standard range sentence for the PWID conviction. ***See id***. at 8-12. The Commonwealth asserted that there were no mitigating factors justifying a downward departure from the guidelines. ***See id***. at 11.

Following argument by Counsel and allocution by Weyandt, the trial court rejected the Commonwealth's assertions that there were no mitigating factors. ***See id***. at 16. The court detailed, at length, Weyandt's difficult and unfortunate personal history from her PSI, including a traumatic upbringing

---

[5] At no time did Weyandt contest the Commonwealth's summary of the guidelines, nor did the trial court explain that it would be using different guidelines.

In summarizing the guidelines for PWID, the Commonwealth apparently used an offense gravity score of eleven, which corresponds to PWID involving methamphetamines between 100 and 1000 grams. ***See*** 204 Pa. Code §§ 303.15, 303.16(a).

and several children put up for adoption as a result of Weyandt's drug abuse. *See generally id*. at 16-20. The court also asserted that, despite prior convictions for PWID and distributing a designer drug, Weyandt has no "consistent history as a drug dealer," *see* Trial Court Opinion, 8/14/23, at 6, and that she has no convictions for "violent offenses, . . . sexual offenses, . . . offenses directly physically affecting any person except herself." N.T., 11/3/22, at 17. The court suggested that although Weyandt had entered *nolo contendere* pleas, the only evidence of her intent to deliver was the packaging and amount of methamphetamine and there was no direct evidence she sold drugs to others. *See id*. at 20-21. The court concluded that Weyandt was in need of an enforced period of treatment for substance abuse and it would be inappropriate to impose total confinement without a treatment program in place. *See id*. at 17-18. The court thereafter imposed seven years of probation for the PWID conviction. *See* Order of Sentence, 11/3/22.[6]

Following sentencing, the Commonwealth moved for reconsideration, arguing, *inter alia*, that the trial court abused its discretion by sentencing

---

[6] The court imposed no further penalty for conspiracy to commit PWID and possession of a controlled substance (which merged with the PWID conviction for sentencing), a concurrent six-month term of probation for possession of the pills, and a $100 fine for the paraphernalia conviction. The aggregate sentence, therefore, was seven years of probation. We note that the trial court, when imposing sentence, expressed its frustration with the Commonwealth for objecting to Weyandt's eligibility for the state drug treatment program. *See* N.T., 11/3/22, at 18.

Weyandt substantially below even the mitigated range of the guidelines, which was unduly lenient. **See** Commonwealth's Post-Sentence Motion, 11/10/22, at ¶¶ 19-21. The Commonwealth's motion was denied by operation of law. The Commonwealth timely appealed.[7] Both the trial court and the Commonwealth complied with Pa.R.A.P. 1925.[8]

The Commonwealth raises the following issue for our review:

Did the trial court abuse its discretion in sentencing [Weyandt] to probation, which is below the mitigated range of the sentencing guidelines?

Commonwealth's Brief at 8.

_____

[7] The Commonwealth's motion should have been deemed denied as of March 10, 2023. **See** Pa.R.Crim.P. 721(C)(2) (providing that if the trial court fails to decide the Commonwealth's motion within one hundred and twenty days, the motion shall be deemed denied by operation of law). On March 21, 2023, the Commonwealth filed a praecipe for the entry of an order denying its post-sentence motion, and, on April 4, 2023, timely filed a notice of appeal. **See** Pa.R.Crim.P. 721(B)(2)(b)(ii). The clerk of the court thereafter entered the order denying the Commonwealth's post-sentence on June 1, 2023.

[8] The trial court, for the first time in its Rule 1925(a) opinion, suggested, without any explanation, that the guidelines called for a standard range minimum sentence for PWID of twenty-four to thirty months, with the mitigated range being eighteen months. **See** Trial Court Opinion, 8/14/23, at 6. This appears to correspond to an offense gravity score of seven. **See** 204 Pa. Code §§ 303.15, 303.16. However, given Weyandt's PRS of 5, the amount of methamphetamine here, over one hundred grams, supports the Commonwealth's proffered guidelines. **See** N.T., 5/16/22, at 3 (Commonwealth stating at the plea hearing that the amount of methamphetamine was "approximately a hundred grams"); N.T., 11/3/22, at 5-6 (testimony by the investigating officer that the lab report indicated the weight of methamphetamine was 103 grams); **id**. at 7, 10 (Commonwealth reciting the applicable guidelines).

A challenge to the discretionary aspects of sentencing is not reviewable as a matter of right. **See Commonwealth v. Popielarcheck**, 151 A.3d 1088, 1093 (Pa. Super. 2016). Rather, before we are able to consider the merits of a discretionary sentencing issue:

> [W]e conduct a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.
>
> When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code . . .. **See** [] Pa.R.A.P. 2119(f).

**Id**.

Here, the Commonwealth has filed a timely notice of appeal. **See supra** at 5 n.6. As noted above, the Commonwealth preserved its issue in a post-sentence motion. The Commonwealth has included a Rule 2119(f) statement in its brief. **See** Commonwealth's Brief at 6-7. Lastly, the Commonwealth has raised a substantial question. **See Commonwealth v. Paul**, 925 A.2d 825, 829 (Pa. Super. 2007) (noting that an assertion that the trial court imposed an excessively lenient sentence that unreasonably deviated from the sentencing guidelines presents a substantial question). As the Commonwealth met all four requirements, we proceed to review its issue on the merits.

Our standard of review is as follows:

> We review the trial court's sentencing determination for an abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. McCain*, 176 A.3d 236, 241 (Pa. Super. 2017) (internal citations and quotations omitted).

The Commonwealth argues the trial court's sentence, which is substantially below the mitigated range of the guidelines, is excessively lenient and unreasonable. We agree. Because the sentence at issue follows convictions pursuant to a *nolo contendere* plea, we begin with a recitation of the applicable law for this type of plea. "It is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case." *Commonwealth v. V.G.*, 9 A.3d 222, 226 (Pa. Super. 2010) (internal citations and quotations omitted; emphasis in original).

The Sentencing Code provides:

> the [trial] court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). The trial court must also consider the sentencing guidelines. *See id*. Additionally, when a court imposes a sentence, it must provide a contemporaneous statement of the reasons supporting its sentence.

*McCain*, 176 A.3d at 241. Section 9781(d) provides that, when reviewing a sentence, we must consider the following:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d). *See also Commonwealth v. Childs*, 664 A.2d 994, 998 (Pa. Super. 1995) (providing that a trial court should consider the factors set forth in 42 Pa.C.S.A. § 9722 (order of probation) when deciding to impose probation rather than confinement).

This Court may conclude that a sentence is unreasonable based upon a review of the factors set forth in Section 9781(d), or based upon a finding that the trial court did not give proper consideration to the general sentencing standards stated in Section 9721(b). *See McCain*, 176 A.3d at 241. This Court must vacate and remand for resentencing if the trial court sentences outside of the guidelines and the sentence is unreasonable. *See id*. (*citing* 42 Pa.C.S.A. § 9781(c)(3)). Where a trial court has read and considered a PSI, there is a rebuttable presumption that the trial court was aware of the relevant information regarding a defendant's character and weighed those considerations along with mitigating statutory factors. *See id*. at 242 n.3.

In situations where the trial court imposes a below-mitigated-range sentence that "deviates significantly from the guideline recommendations, it must demonstrate that the case under consideration is **_compellingly different_** from the 'typical' case of the same offense or point to other sentencing factors that are germane to the case . . .." **_Id_**. at 243 (internal citation and quotations omitted; emphasis added).[9]  Further, when a sentencing court deviates from the sentencing guidelines, and, as with the case _sub judice_, substantially below the mitigated range, "**_it is important that the court reflect a consideration of the sentencing guidelines_**, the background and character of the defendant, the circumstances of the crime, and impose a sentence . . . consistent with the protection of the public and the rehabilitative needs of the defendant." **_Commonwealth v. Hoch_**, 936 A.2d 515, 519 (Pa. Super. 2007) (internal citations and quotations omitted; emphasis added).

The Commonwealth argues that the trial court abused its discretion in sentencing Weyandt to probation for PWID because the sentence "is below the mitigated range of the sentencing guidelines and is excessively lenient, representing an unreasonable departure from the sentencing guidelines under the particular circumstances of this case." Commonwealth's Brief at 17.  The

---

[9] While the sentencing guidelines are not mandatory, as stated above, a court must nevertheless consider the guidelines as a starting point. **_See Commonwealth v. Baker_**, 311 A.3d 12, 19 (Pa. Super. 2024); **_Commonwealth v. Sheller_**, 961 A.2d 187, 190 (Pa. Super. 2008).

Commonwealth asserts the trial court failed to "make appropriate consideration of the guidelines and the weight of drugs involved in this matter . . .." *Id*. at 20. The Commonwealth emphasizes the gravity of the offense, specifically, the amount of methamphetamine involved in this case, *i.e.*, over one hundred grams. *See id*. at 18. The Commonwealth also argues that the trial court erred in relying on "the unsupported assertion by defense counsel regarding [Weyandt's] supposed lack of culpability." *Id*. at 18-19.[10]

The trial court considered the Commonwealth's arguments and concluded they did not merit a more severe sentence for Weyandt. The court explained that Weyandt's mother, who raised her, was an emotionally abusive alcoholic; Weyandt's relationship with her children is non-existent because of her substance abuse issues; her convictions appear to stem from a drug addiction issue; and "[t]he totality of her criminal history reveals no violent offenses, and the majority of [Weyandt's] convictions were for misdemeanor theft crimes commonly related to drug abuse. She does not have a consistent history as a drug dealer." *See* Trial Court Opinion, 8/14/23, at 6.

_____

[10] Lastly, the Commonwealth notes in passing that Weyandt committed new felony offenses following her probationary sentence on this case, for which she "received an aggregate state sentence[.]" *Id*. at 20. Although not considered in our substantive analysis for purposes of this appeal, the Commonwealth's brief notes that Weyandt has already violated her probationary sentence in this case as a result of new unrelated criminal convictions, for which she has received a two-to-five-year state sentence at the unrelated dockets, and a VOP sentence in this case of one to twenty-three months of incarceration plus five years of probation. *See* Commonwealth's Brief at 14-15; *see also* Sentencing Sheet, 3/16/23.

Following our review, we conclude that, as the Commonwealth argues, the trial court failed to give appropriate consideration of the guidelines and the weight of methamphetamine involved in this matter.[11]  Initially, we note that the trial court apparently second-guessed the factual basis of Weyandt's *nolo contendere* pleas, opining that the Commonwealth's evidence against Weyandt was limited.  **See** N.T., 11/3/22, at 20-21.  However, upon accepting Weyandt's pleas, the trial court was not in a position to reassess the underlying facts, namely, that Weyandt was in possession of over 100 grams of methamphetamine with the intent to deliver.  **See V.G.**, 9 A.3d at 226. Additionally, at no point did the trial court discuss, accept, or reject, the Commonwealth's assertions that the amount of methamphetamines involved was over 100 grams.  The court instead read into the record the limited portions of the PSI which favored its finding of mitigating circumstances.[12] Under the circumstances of this case, the court's failure to consider the gravity of the offense, as argued by the Commonwealth, calls into question the reasonableness of the court's significant deviation from the guidelines.

_____

[11] The Commonwealth's argument is not a model of clarity, but the record establishes that the court did not acknowledge the gravity of the offense as it related to the seriousness of Weyandt's PWID conviction and, more problematically, the correct guidelines applicable to Weyandt at the time of sentencing and post-sentencing.

[12] We add that our review of the record indicates that even before the plea was taken, the trial court indicated its intention to sentence Weyandt to seven years of probation.  **See** N.T., 5/16/22, at 1.

Furthermore, as implied in the Commonwealth's argument about the sentencing guidelines, we cannot ignore the apparent confusion over which guidelines apply. *See* 42 Pa.C.S.A. § 9781(d) (requiring this Court to consider the guidelines when reviewing the trial court's sentence). It was uncontested that Weyandt had a prior record score of five. The Commonwealth asserted that PWID carried an offense gravity score of eleven, based on the weight of the methamphetamine involved. *See* N.T., 11/3/22, at 10; *see also* 204 Pa. Code §§ 303.15. Counsel for Weyandt did not object, and the trial court offered no comment on the applicable guidelines. At no point did the court indicate its consideration of the guidelines as stated by the Commonwealth, nor did the trial court ever state that it would use a different set of guidelines. Rather, for the first time in its Rule 1925(a) opinion, it suggested it used an entirely different set of guidelines not discussed at the sentencing hearing or contained in the record. *See* Trial Court Opinion, 8/14/23, at 6 (trial court setting forth a standard guideline range of twenty-four to thirty months for PWID, with a mitigated range of eighteen months, which corresponds to an offense gravity score of seven).[13]

The record thus reveals that the trial court failed to adequately consider the sentencing guidelines, and, absent a proper starting point, we cannot

---

[13] The court's guideline ranges, which suggest that it used an offense gravity score of seven, would account for only a fraction of the methamphetamine recovered from Weyandt's person and her purse. *See* 204 Pa. Code §§ 303.15, 303.16(a).

conclude that the court set forth reasons for why Weyandt's case is "compellingly different from the 'typical' case of the same offense[,]" such that a deviation below the applicable mitigated range is appropriate. *Cf*. *Hoch*, 936 A.2d at 519 (requiring consideration of the guidelines); *McCain*, 176 A.3d at 243 (stating that a deviation from the guidelines requires a "compellingly different" case); 42 Pa.C.S.A. § 9781(d) (directing this Court consider, among other things, the guidelines). That is, nowhere does the trial court set forth its reasons for deviating *sixty* months below the mitigated range, and it is by no means clear the trial court even started with the correct guidelines. For these reasons, we conclude the trial court abused its discretion, and we vacate and remand for resentencing.[14]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

---

[14] At resentencing, the trial court shall affirm which guidelines are applicable and determine the amount of credit for time served Weyandt is due. *See Commonwealth v. Johnson*, 967 A.2d 1001, 1005-06 (Pa. Super. 2009) (citing, *inter alia*, 42 Pa.C.S.A. § 9760). The court shall further indicate its consideration of the applicable guidelines as a starting point. *See Hoch*, 936 A.2d at 519.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

5/21/2024