J-S22044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACY ALLEN LENNEX | : | |
| | : | |
| Appellant | : | No. 1008 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 31, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007156-2016

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED:  August 20, 2024**

Appellant, Tracy Allen Lennex, appeals from the judgment of sentence of 18 to 48 months' incarceration, imposed after his term of probation was revoked due to technical violations.  Herein, Appellant solely challenges the discretionary aspects of his sentence.  After careful review, we affirm.

The facts of Appellant's underlying convictions are not germane to the issue he raises on appeal.  We need only note that in August of 2016, Appellant entered a negotiated guilty plea to endangering the welfare of children (18 Pa.C.S. § 4304(a)(1)), corruption of a minor (18 Pa.C.S. § 6301(a)(1)(ii)), and selling/furnishing liquor to a minor (18 Pa.C.S. § 6301.1(a)).  On March 22, 2017, Appellant was sentenced to an aggregate term of 3 to 6 years' incarceration, followed by 5 years' probation.  He was also ordered to register for a term of 15 years under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41, and his sentence included the

specific condition that he "not resid[e] or go[] to places where minors are known to frequent without prior approval of [his] probation/parole officer." Charge Specific Special Conditions, 3/22/17, at unnumbered 1 (attachment to sentencing order).

Appellant was released from custody and began serving his term of probation. He was residing in a substance-abuse recovery center called Skyline Recovery Home when, in March of 2023, he "texted his probation officer … indicating that he was moving from the Skyline Recovery Home…." Appellant's Brief at 8 (citation to the record omitted). Appellant's move was "provisionally approved[,]" however, a later inspection of Appellant's new home conducted by his probation officer revealed that a nine-year-old child was also residing in the home. *Id.* at 8, 9 (citation to the record omitted). Further, the officer discovered that Appellant had "left Skyline Recovery Home because he relapsed and [had] consumed [marijuana] and cocaine." *Id.* at 9 (citation to the record omitted). Drug testing of Appellant confirmed he had ingested those narcotics. *Id.* (citation to the record omitted).

Based on these technical violations, Appellant's probation was ultimately revoked, and he was resentenced to an aggregate term of 18 to 48 months' incarceration. Appellant filed a timely post-sentence motion, which was denied. He then filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion on October 23, 2023. Herein, Appellant raises one issue for our review: "Whether the

trial court abused its discretion in fashioning an excessive and unreasonable aggregate sentence of 18-48 months' … incarceration because the requirements of 42 Pa.C.S.[] § 9725 and 42 Pa.C.S.[] § 9721(b) were not met?" *Id.* at 6.

Appellant's issue implicates the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely, post-sentence motion, as well as a timely notice of appeal, and he has presented a Rule 2119(f) statement in his brief to this Court. *See* Appellant's Brief at 18. Therein, Appellant contends that his aggregate sentence is excessive because the court failed "to consider his rehabilitative needs and responsiveness to treatment." *Id.* at 22 (citation to the record omitted). The Commonwealth concedes that Appellant's claim constitutes a substantial question for our review. *See* Commonwealth's Brief at 15 n.12. We agree. *See Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 27 (Pa. Super. 2017) ("[The a]ppellant's assertion in his Rule 2119(f) statement that his aggregate sentence 'does not comport with the protection of the public, gravity of the offense, and his rehabilitative needs,' raises a substantial question.") (citing, *inter alia*, *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (concluding "[a]ppellant's challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question"); *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (holding "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question")).

Accordingly, we proceed to the merits of Appellant's sentencing issue, mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

The Sentencing Code requires that the trial court fashion a sentence consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Additionally, 42 Pa.C.S. § 9725 states:

> The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:
>
> > (1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;
> >
> > (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or
> >
> > (3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

42 Pa.C.S. § 9725.

In the context of resentencing after the revocation of a defendant's probation, the court shall not impose a sentence of confinement unless it finds that:

- 5 -

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c)(1) (effective Dec. 18, 2019 to June 10, 2024).[1]

In this case, Appellant insists that the court failed to adhere to sections 9721(b) and 9725. He contends that the court disregarded that he had been

_____

[1] We recognize that section 9771(c) was recently amended, effective June 11, 2024, to remove the above-quoted language. The amendments also added language that creates a presumption against total confinement for technical violations of probation, and permits the imposition of a sentence of total confinement upon revocation of probation only in limited, specific circumstances. *See* 42 Pa.C.S. § 9771(c)(1) (effective June 11, 2024). These amendments did not become effective until nearly one year after Appellant's revocation of probation and resentencing proceeding. Section 1953 of the Statutory Construction Act, entitled "Construction of amendatory statutes," provides:

> Whenever a section or part of a statute is amended, the amendment shall be construed as merging into the original statute, become a part thereof, and replace the part amended, and the remainder of the original statute and the amendment shall be read together and viewed as one statute passed at one time; but the portions of the statute which were not altered by the amendment shall be construed as effective from the time of their original enactment, ***and the new provisions shall be construed as effective only from the date when the amendment became effective.***

1 Pa.C.S. § 1953 (emphasis added). Moreover, our Supreme Court has declared that "amendatory statutes are to be construed retroactively only if such construction is clearly indicated under the provisions of the statute." ***Commonwealth v. Shaffer***, 734 A.2d 840, 843 (Pa. 1999) (citation omitted). Section 9771(c) does not indicate that the legislature intended it to apply retroactively. Thus, under the Statutory Construction Act, the amendments to section 9771(c), which became effective on June 11, 2024, apply prospectively only and do not impact our disposition of Appellant's appeal from his July 31, 2023 judgment of sentence.

sober for 16 years, and that he only relapsed because three family members died within one year and he did not know how to appropriately handle his grief. *See* Appellant's Brief at 27-28. Appellant explains that his relapse then resulted in his being "kicked out of Skyline" and his "imminent … homelessness." *Id.* at 28. It was only of Appellant's desperation to find a place to live that he moved in "with a woman whom he had previously worked for" without "thinking about the presence of the minor [child] in [her] home." *Id.* According to Appellant, "this arrangement was always meant to be temporary" until he "could arrange alternative housing for himself." *Id.*

Appellant maintains that the trial court improperly characterized the circumstances that led to his probation violations as "ridiculous excuses." *Id.* at 29. He further insists that the court concluded he is "a threat to the community at large" based on factors that are not supported by the record. *Id.* For instance, Appellant cites the court's statement that his "record on probation [was] 'very poor'" and that Appellant "'was provided with ample opportunities to conform his conduct to the dictates of the law[,' but] … that he failed 'to avail himself of past programs offered by Allegheny County'…." *Id.* at 31 (citing Trial Court Opinion (TCO), 10/23/23, at 4)). According to Appellant, these conclusions are not supported by the record, which shows that the instant violations of probation were his first and only violations since his release from incarceration in 2021. *See id.* Appellant also challenges the court's determination that he poses a risk of future criminal conduct. *See id.* at 32 (citing TCO at 4). According to Appellant, he only briefly lived at the

home with a minor child, "and at no point during his stay was he alone with the minor." *Id.* In sum, Appellant concludes that the court imposed a manifestly excessive sentence by ignoring his "character, personal history, and rehabilitative needs," and placed too much weight on factors that were not supported by the record. *Id.*

Appellant's argument is unconvincing. First, as he acknowledges, the trial court had the benefit of a presentence investigation (PSI) report. *See id.* at 28. Thus, we must presume the court "was aware of the defendant's character and rehabilitative needs, and weighed those considerations with the other mitigating statutory factors." *Id.* (citing *Commonwealth v. McCain*, 176 A.3d 236, 243 n.3 (Pa. Super. 2017)).

Second, at the revocation and resentencing hearing, defense counsel emphasized to the court that Appellant had no prior violations of probation, he had been "compliant with all supervision[,] including drug and alcohol" requirements, and that he would be "welcomed back at Skyline" Recovery Home if the court chose not to incarcerate him. N.T., 7/31/23, at 5. Defense counsel told the court that Appellant's violations had stemmed from a dispute with an employee of Skyline Recovery Home, which had then led to Appellant's using drugs, and to his "homelessness issue" that had resulted in his living with a minor child. *Id.* Counsel insisted that Appellant "was never alone" with the minor child, and that he only was in the residence "for four nights." *Id.* The court also heard that Appellant "has a successful business" and had "completed sex offender treatment." *Id.* Additionally, the court was told that

Appellant had "lost his sister, mother[,] and nephew all at the same time[,]" and that he "has a long history of depression…." *Id.* at 6. Counsel assured the court that Appellant "is not a risk…." *Id.*

However, defense counsel also agreed with the court that the PSI report outlined Appellant's "long history" of criminal conduct. *Id.* at 7.[2] The trial court also stressed that, at the time of the hearing, Appellant was "55-years-old. He's 55, not 25." *Id.* The court questioned whether Appellant would "ever take responsibility for himself[,]" and emphasized that he knew he was violating his probation by using drugs and moving in with a child. *Id.* at 8. The court also doubted Appellant's claim that he was never alone with the child, noting, "What is he going to do, tell me he was alone with her? He's never going to tell me that. He has to say he was never alone with her whether he was or wasn't." *Id.*

Additionally, the court expressed concern over the fact that Appellant's violations had all stemmed from a simple dispute with an employee at Skyline Recovery Home. *Id.* The court noted that life involves difficulties, such as disputes with other individuals, yet Appellant, at 55 years old, allowed one

---

[2] Specifically, the Commonwealth details in its brief to this Court that Appellant's

> record included four different state prison sentences, served both in Pennsylvania and Missouri; a seven-and-a-half-year term in federal prison that was issued by the United States District Court for the Western District of Missouri; and six different county jail sentences, served in both Pennsylvania and Missouri.

Commonwealth's Brief at 14.

dispute to completely derail his conduct and justify his violating the terms of his probation. *Id.* at 11. When Appellant remarked to the court that his relapse was also due to his losing several family members, the court noted that there was no "exception in [Appellant's probation] conditions" that allowed him to use drugs to deal with grief, and that he was still expected to act responsibly and "handle [such difficulties] without committing a crime[.]" *Id.* at 15, 16. When Appellant further commented that the marijuana he used "was actually at the house [he] was in[,]" the court and Appellant had the following exchange:

THE COURT: Does that justify it?

[Appellant]: No, sir.

THE COURT: Right. I don't know why you want to keep making ridiculous excuses for your conduct. You want to minimize everything. What about going to live with a child? You do not have to answer that, but if you want to talk about it, I'd love to know.

[Appellant]: I didn't have a place to go.

THE COURT: So you went some place where you knew you weren't permitted to go, right?

[Appellant]: I was planning on just staying there for a week or ten days.

THE COURT: Can we agree that you went some place where you knew you were not permitted to go?

[Appellant]: Yes, sir.

THE COURT: You want to minimize it again and say, I was only going to stay there for a week or two. See, [defense counsel] is missing what I see as a major … point in your case and that is that you minimize everything. You minimize. Instead of going after it and making sure you don't cross the line to keep your freedom,

- 10 -

at 50 some years old, you're crossing the line left and right [and] try[ing] to minimize it. I don't have any faith in your representation that you're not going to do this anymore.

*** 

You do what suits you at the time it suits you regardless of what restrictions you are on. That is the risk. [Defense counsel] says [you were] never alone with the child. Maybe that's true. Maybe you didn't get a chance yet. That's how I have to look at it as the person who is responsible for that child's safety in your case. You had no business being in her presence.

*Id.* at 17-19.

Moreover, the court stressed that Appellant's use of cocaine was "not just a relapse" but also "a crime." *Id.* at 9. The court also observed that to use cocaine, Appellant had "to form the intent to go find the criminal that [he could] do some transaction with … to obtain the [drug] before [he could] use it." *Id.* The court found that Appellant's actions demonstrated his "[c]riminal mentality while on probation after having been in state prison, [and] federal prison." *Id.* at 9-10. The court concluded that Appellant's conduct proved that he "simply will not conform his conduct." *Id.* at 10.

In its Rule 1925(a) opinion, the court reiterated its rationale for Appellant's sentence, as follows:

The record in this case supports the sentence imposed by the [c]ourt. This [c]ourt considered the contents of the [PSI] report. [Appellant] has a very lengthy criminal history and his record while on probation of supervised release is very poor. He has a history of committing sex offenses on children. By not informing the probation office that he was residing with a minor child, [Appellant] deceptively violated the terms of his probation requiring him to have no contact with minor children and perpetuated the risk of future criminal conduct by actually residing with a minor child. He has convictions in both state and federal court. This [c]ourt noted that [Appellant] was provided with

- 11 -

ample opportunities to conform his conduct to the dictates of the law but chose not to do so by continuing to engage in conduct that is totally inconsistent with successful completion of probation. This [c]ourt believes that, based on [Appellant's] failure to avail himself of past programs offered by Allegheny County, any rehabilitation and treatment should occur while [Appellant] is incarcerated in state prison. In sum, this [c]ourt imposed the sentence it did because of [Appellant's] persistence in participating in wrongful conduct after having already served substantial prison sentences and probationary terms for the same precise conduct. The need to protect society from [Appellant] and his need for regimented treatment in a state prison facility warranted the sentence imposed in this case.

TCO at 3-4.

Contrary to Appellant's argument, this record convinces us that the trial court adequately considered his character and rehabilitative needs. The court had the benefit of a PSI report, which detailed Appellant's lengthy criminal history. Although we agree with Appellant that the **instant case** does not show he has a poor record while serving probation, or that he did not avail himself of programs offered by the county, his **overall record** of repeatedly committing crimes, despite having served multiple, lengthy terms of incarceration and supervision in **other cases**, does support the court's conclusions in those regards. Ultimately, the court clearly took into account the circumstances of Appellant's probation violations and the reasons he offered for why he committed them. The court found that Appellant was consistently making excuses for his behavior and minimizing his conduct. It also found that he lacks the responsibility and maturity that a 55-year-old man should present. Instead, in the face of adversity, Appellant chose to use cocaine and marijuana, and then move into a home where a minor child lived,

despite knowing that these actions violated the conditions of his probation. This record supports the court's decision that Appellant poses a risk to the community, and justifies its conclusion that a term of incarceration was warranted in this case. Accordingly, we discern no abuse of discretion in the court's sentencing decision.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

**DATE:** 8/20/2024