J-S31036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY MCDOWELL | : | |
| | : | |
| Appellant | : | No. 1782 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 29, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002302-2017

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED NOVEMBER 15, 2024**

Gregory McDowell ("McDowell") appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas ("trial court") following resentencing. McDowell challenges the discretionary aspects of his sentence and the constitutionality of his registration requirements under subchapter H of the Sexual Offender Registration and Notification Act ("SORNA II").[1] We affirm.

---

[1] 42 Pa.C.S. §§ 9799.51-9799.75. The Pennsylvania General Assembly enacted Act 10 on February 21, 2018, and Act 29 on June 12, 2018, which are collectively known as SORNA II. *See* Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"); Act of June 12, 2018, P.L. 140, No. 29 ("Act 29"). SORNA II is divided into two subchapters: "Subchapter H governs those whose offenses occurred after December 20, 2012. Subchapter I applies to those whose offenses were completed prior to that date." ***Commonwealth v. Santana***, 266 A.3d 528, 530 n.7 (Pa. 2021).

On February 10, 2017, while McDowell was alone in the house with his nephew's twenty-year-old girlfriend ("the victim"), he offered her a drink. After consuming it, the victim blacked out and awoke later in McDowell's bed, her clothes removed, with McDowell on top of her having vaginal intercourse with her. The victim reported the assault, and the police arrested McDowell and charged him with numerous crimes.

After McDowell waived his right to a jury trial, the case proceeded to a bench trial. Ultimately, the trial court found McDowell guilty of rape of a substantially impaired person, sexual assault, and indecent assault without consent of other. The trial court sentenced McDowell to ten to twenty years in prison for the rape conviction, and a consecutive term of two and one-half to five years for the sexual assault conviction. The trial court found that the sentence for indecent assault merged with the sentence for rape. The trial court further found that McDowell was subject to lifetime sex offender registration.

McDowell filed a timely post-sentence motion, which the trial court denied. On appeal, this Court affirmed McDowell's convictions but vacated the sentence, finding that the rape and sexual assault sentences should have merged, and remanded for resentencing. *See Commonwealth v. McDowell*, 1122 EDA 2019 (Pa. Super. Jun. 30, 2020) (non-precedential decision). This Court further found that McDowell waived his claim that

- 2 -

Subchapter H was unconstitutional due to his failure to present any supportive legal arguments. ***Id.***

On June 29, 2021, the trial court resentenced McDowell to ten years to twenty years in prison for rape, and found the remaining charges merged for the purposes of sentencing. The trial court again ordered McDowell to register for life under subchapter H of SORNA II.

On July 2, 2021, McDowell filed a timely post-sentence motion challenging the discretionary aspects of his new sentence. The trial court denied the motion. McDowell did not file an appeal. Subsequently, McDowell filed a pro se petition pursuant to the Post Conviction Relief Act ("PCRA"), and the PCRA court appointed McDowell counsel who filed an amended petition seeking the reinstatement of his direct appeal rights nunc pro tunc. The PCRA court granted the petition, and this nunc pro tunc appeal followed.

McDowell presents two questions for our review:

1.    Is the sentence imposed unduly harsh and excessive under the circumstances of this case?

2.    Should the SORNA lifetime registration requirement imposed as part of the sentence in the matter sub judice be vacated because the SORNA statute is facially unconstitutional?

McDowell's Brief at 5.

## Discretionary Aspects of Sentencing

McDowell argues that the trial court abused its discretion in imposing an excessive sentence, without considering his mitigating factors and his

rehabilitative needs. *Id.* at 15-25. McDowell challenges the discretionary aspects of his sentence.

There is "no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010). To invoke this Court's jurisdiction, McDowell must satisfy the following four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or a in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of her appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raise a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted).

A substantial question is determined on a case-by-case basis and exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McCain*, 176 A.3d 236, 240 (Pa. Super. 2017). A "substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable." *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013).

In this case, McDowell preserved his claim in a post-sentence motion and by filing a nunc pro tunc appeal with permission from the court below.

McDowell's brief also contains a Rule 2119(f) statement, claiming that the trial court imposed an excessive sentence without properly considering his mitigating factors and rehabilitative needs, which we have previously held raises a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (citation omitted).

Turning to address the merits of McDowell's argument, our standard of review is well settled:

> Imposition of sentence is vested in the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be...manifestly excessive.

*Commonwealth v. Hunzer*, 868 A.2d 498, 514 (Pa. Super. 2005) (citations omitted).

McDowell contends that the trial court abused its discretion in imposing an aggravated range sentence for his rape conviction without properly considering various mitigating factors. McDowell's Brief at 21-25. McDowell asserts that trial court should have considered the fact that he has been employed and agreed to waive a jury trial. *Id.* at 22, 23-24. McDowell highlights he may not get out of prison until he is over sixty years old. *Id.* at 24.

The record reflects that when resentencing McDowell, the trial court examined the presentence investigation report, the sentencing guidelines, and the sentencing memorandum prepared for his first sentencing hearing. N.T., 6/29/2021, at 7. The trial court also reviewed the sentencing memorandum prepared by the Commonwealth and McDowell for the second sentencing hearing. *Id.* at 8. The court read the letters of support on behalf of McDowell, heard the testimony of witnesses on behalf of McDowell, allowed McDowell to address the court in allocution, and heard the arguments from defense counsel that highlighted McDowell's work history as a welder and his community involvement. *Id.* at 8-30. The trial court also considered aggravating factors, including McDowell's prior rape conviction. *Id.* at 15 (stating that one of the factors to be weighed "is danger to the community and specifically danger to young women who [McDowell] has preyed upon on two occasions"). The court found that his actions were "extraordinarily harmful" to the community and the victims, that both victims "were related to friends of his," that he was still on supervision for his first rape charge when he committed the second rape, and considered the "physical trauma and emotional trauma" the victims would live with the rest of their lives. *Id.* at 32, 37.

We conclude that the trial court did not abuse its discretion in its resentencing decision. Importantly, in addition to the evidence and argument detailed above, the trial court had the benefit of a presentence investigation report, and we can presume "that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so

informed, its discretion should not be disturbed." ***Commonwealth v. Miller***, 275 A.3d 530, 535 (Pa. Super. 2022); ***see also Commonwealth v. Rhoades***, 8 A.3d 912, 919 (Pa. Super. 2010) (noting that where "the sentencing court had the benefit of a pre[]sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.") (citation and quotation marks omitted). Therefore, we conclude McDowell's first claim is without merit.

### SORNA Constitutionality

In his second claim, McDowell argues that his requirement to register under subchapter H of SORNA was facially unconstitutional. McDowell's Brief at 25-26. McDowell argues that SORNA's registration violates substantive due process by encroaching on the right to reputation through an irrebuttable presumption that an offender poses a high risk of reoffending, that the irrebuttable presumption is untrue, and that reasonable alternatives exist to ascertain whether offenders pose a high risk of recidivism. ***Id.*** at 31-38. McDowell relies upon ***Commonwealth v. Torsilieri***, No. 15-CR-0001570-2016 (Chester Co. filed Aug. 22, 2022). McDowell's Brief at 31-33.

McDowell's constitutional challenges raise "questions of law for which our standard of review is de novo and our scope of review is plenary." ***Commonwealth v. Torsilieri***, 232 A.3d 567, 575 (Pa. 2020) ("***Torsilieri I***") (citation omitted).

> In addressing constitutional challenges to legislative enactments, we are ever cognizant that the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society, but also that any restriction is subject to judicial review to protect the constitutional rights of all citizens. We emphasize that a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution.

*Id.* (citations omitted).

McDowell's claims are identical to those raised by the defendant in the *Torsilieri* line of cases. In 2018, the Chester County Court of Common Pleas found SORNA's subchapter H to be unconstitutional, finding that it "violate[d] Pennsylvania's due process protection through the unconstitutional utilization of an irrebuttable presumption infringing upon the right to reputation." *Id.* at 585. In 2020, our Supreme Court vacated that decision and remanded the case for further proceedings regarding the alleged irrebuttable presumption and punitive nature of SORNA. *Id.* at 596. Upon remand, the *Torsilieri* trial court complied with the Supreme Court's directives, after which it again concluded that SORNA subchapter H was unconstitutional in violation of the irrebuttable presumption doctrine, and that subchapter H was punitive. *Commonwealth v. Torsilieri*, 316 A.3d 77, 84-85 (Pa. 2024) ("*Torsilieri II*"). The Commonwealth appealed and our Supreme Court reversed, finding that SORNA subchapter H did not violate the irrebuttable presumption

- 8 -

doctrine, *see id.* at 91-100, and that it also was not punitive. *Id.* at 109-10.[2]

The Court further concluded that

> [a]ppellee failed to meet his burden to establish that [s]ubchapter H's irrebuttable presumption, that sex offenders pose a high risk of reoffense, is constitutionally infirm. Furthermore, we conclude that [a]ppellee failed to meet his burden in demonstrating that [s]ubchapter H constitutes criminal punishment. Accordingly, we reject his subsidiary constitutional challenges.

*Id.* at 110.

Our Supreme Court's decision in *Torsilieri II* is conclusive as to the arguments raised by McDowell in support of his second issue.[3] Accordingly, McDowell's final claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/15/2024

_____

[2] The *Torsilieri II* Court noted that Torsilieri's "broadside [due process] challenge to SORNA is inextricably intertwined with the similar claim of harm to reputation caused by SORNA's allegedly erroneous presumption that sexual offenders pose a high risk of reoffense." *Torsilieri II*, 316 A.3d at 92. The Court, finding the arguments to be "synonymous," addressed them together. *Id.*

[3] Although McDowell filed his brief prior to the *Torsilieri II* decision, he acknowledged that then pending appeal in *Torsilieri II* "involves the same claim raised by [McDowell] herein." McDowell's Brief at 30 n.15.