J-S38029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN NEVIUS | : | |
| | : | |
| Appellant | : | No. 99 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 22, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0004098-2021

BEFORE:   STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                          **FILED NOVEMBER 27, 2024**

Justin Nevius ("Nevius") appeals from the judgment of sentence imposed by the Lehigh County Court of Common Pleas ("trial court") following his convictions of third-degree murder and persons not to possess a firearm.[1] On appeal, Nevius challenges the discretionary aspects of his sentence.  We affirm.

On October 12, 2021, Nevius was driving southbound on Seventh Street near Tilghman Street in Allentown, Pennsylvania, when another driver, Kippy Reco Henry ("Henry") cut Nevius off.  After a verbal exchange, Nevius started following Henry down nearby side streets.  Subsequently, Nevius pulled

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(c), 6105(a)(1).

alongside Henry and fired multiple shots into Henry's vehicle before driving away. Police officers responded to a report of shots fired and found Henry suffering from multiple bullet wounds. Henry was transported to hospital, and eventually died as a result of his injuries.

Police arrested Nevius and charged him with criminal homicide and persons not to possess a firearm. On May 3, 2023, Nevius entered an open guilty plea to third-degree murder and persons not to possess a firearm. Ultimately, the trial court sentenced Nevius to an aggregate term of thirty to sixty years in prison, followed by twelve months of probation.[2] Nevius filed a post-sentence motion, which the trial court denied.

Nevius timely appealed. On January 3, 2024, the trial court directed Nevius to file a Pa.R.A.P. 1925(b) concise statement within twenty-one days. Nevius filed a Rule 1925(b) statement on January 25, 2024.

On appeal, Nevius challenges the discretionary aspects of his sentence, claiming that the trial court failed to properly consider mitigating factors, and

---

[2] Specifically, the trial court sentenced Nevius to twenty to forty years in prison followed by twelve months of probation for the third-degree murder conviction and a consecutive sentence of ten to twenty years in prison for the firearm conviction. The sentence for the firearm conviction is the statutory maximum for a first-degree felony. 18 Pa.C.S. § 1103(1).

failed to set forth reasons for the firearm sentence, which was above the aggravated range.[3] **See** Nevius' Brief at 4.

Prior to addressing the claim raised, we must first decide whether the untimely filing of Nevius' Pa.R.A.P. 1925(b) concise statement results in waiver of his appellate issues. Regarding to untimely filed concise statements, Pa.R.A.P. 1925(c)(3) states the following:

> If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been per se ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a Statement nunc pro tunc, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

Here, although Nevius filed an untimely statement, we need not remand for the appointment of new counsel or the filing and service of a statement nunc pro tunc because Nevius's counsel "filed a Rule 1925 concise statement setting forth the alleged error, and the trial court has filed an opinion addressing the issue presented in the 1925(b) concise statement." **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009). Accordingly, we will consider Nevius' discretionary aspects of sentencing challenge. **See id.**

_____

[3] We note that when a defendant enters an open guilty plea, he may challenge the discretionary aspects of the sentence imposed. **See Commonwealth v. Brown**, 240 A.3d 970, 972 (Pa. Super. 2020).

- 3 -

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Baker*, 311 A.3d 12, 18 (Pa. Super. 2024) (citation omitted). To invoke this Court's jurisdiction, the appellant must satisfy a four-part test:

> (1) The appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted).

A substantial question is determined on a case-by-case basis and exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McCain*, 176 A.3d 236, 240 (Pa. Super. 2017). A "substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable." *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Here, Nevius preserved his claim in a post-sentence motion and filed a timely appeal. Further, Nevius' brief contains a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f), wherein he asserts that the trial court imposed an excessive sentence without properly

considering mitigating factors and without providing reasons for imposing an aggravated range sentence for his firearms conviction. Nevius raises substantial questions for our review. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (citation omitted); *Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa. Super. 1999) (concluding a claim that "the lower court failed to state on the record adequate reasons for imposing sentences in the aggravated range" raises a substantial question).

Our standard of review when a defendant raises a challenge to the discretionary aspects of sentencing is well established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted). Further, "[t]he sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [presentence investigation report]." *Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted).

Nevius argues that the trial court imposed an excessive sentence without considering any mitigating factors. Nevius' Brief at 9, 11. Nevius also contends that the trial court did not provide reasons on the record for the sentence for the firearms conviction, which was above the aggravated range. *Id.* at 12.

The record reflects that the trial court considered the presentence investigation report, sentencing memoranda, victim impact statements, the sentencing guidelines, and Nevius' mental health exam. N.T., 2/2/2024, at 5, 6-7, 14, 27. The trial court further recognized the trauma Nevius experienced as a child, noting he was raised by a drug addicted mother and that he suffered from abuse and torment, which "attributed to some of [his] later behavior." *Id.* at 28. The trial court noted that the impact of a prison sentence on Nevius, who had a daughter and was only twenty-seven years old, as well as the impact of the murder on Henry's family. *Id.* at 30. The trial court also observed that Nevius was a smart person who had made a "series of bad choices," And that Nevius was under supervision when he committed the murder. *Id.* at 29-30.

The trial court noted that "[t]he sentence imposed in this case properly reflected consideration of the severity of [Nevius'] behavior, the impact it had on his victim's family, and balanced that against mitigating factors stemming from childhood trauma he endured." Trial Court Opinion, 2/2/2024, at 12 n.1. Moreover, in addition to the evidence considered, the trial court, as noted

above, had the benefit of a presentence investigation report, and we therefore presume "that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Miller***, 275 A.3d 530, 535 (Pa. Super. 2022). Likewise, the trial court being informed by the presentence investigation report satisfied the requirement of providing reasons for imposing the sentence for each conviction. ***See Edwards***, 194 A.3d at 638. Therefore, Nevius' claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/27/2024