J-S29036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN A. SCAFURI | : | |
| | : | |
| Appellant | : | No. 1034 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 22, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011669-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN A. SCAFURI | : | |
| | : | |
| Appellant | : | No. 1035 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 22, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007204-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN A. SCAFURI | : | |
| | : | |
| Appellant | : | No. 1036 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 22, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008893-2019

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

J-S29036-25

MEMORANDUM BY BENDER, P.J.E.:                    **FILED:  October 9, 2025**

Appellant, John A. Scafuri, appeals from his aggregate judgment of sentence of 54 to 108 months' of incarceration, imposed in three separate cases that were consolidated below, after his probation was revoked and he was resentenced.  On appeal, Appellant solely challenges the discretionary aspects of his sentence.  After careful review, we affirm.

We glean the following facts and procedural history from the record.  On January 15, 2020, Appellant pled guilty in the above three cases in the Allegheny County Adult Drug Court.[1]  Specifically, at both CP-02-CR-0011669-2019 and CP-02-CR-0007204-2019, Appellant pled guilty to one count each of driving while operating privilege is suspended or revoked – driving under the influence (DUI) related (75 Pa.C.S. § 1543(b)(1)(iii)), and possession of a controlled substance (35 P.S. § 780-113(a)(16)).  At CP-02-CR-0008893-2019, Appellant pled guilty to one count of retail theft (18 Pa.C.S. § 3929(a)(1)).  The drug court immediately sentenced Appellant to a term of 42 months' restrictive intermediate punishment.[2]

_____

[1] According to the Fifth Judicial District of Pennsylvania's website, "[t]he Allegheny County Adult Drug Court offers substance abuse treatment as an alternative to incarceration for nonviolent qualified individuals with a substance use disorder."  FIFTH JUDICIAL DISTRICT OF PENNSYLVANIA, https://www.alleghenycourts.us/criminal/departments/problem-solving-courts/drug-court/ (last visited Sept. 8, 2025).

[2] Our Supreme Court has explained that,

*(Footnote Continued Next Page)*

- 2 -

On December 12, 2022, Appellant appeared before the drug court for a review hearing. According to Appellant, at that proceeding, his "probation officer explained that '[Appellant's] probation is due to expire prior to him being eligible to graduate from the Drug Court [p]rogram.'" Appellant's Brief at 11 (quoting N.T., 12/12/22, at 2). Thus, "with no objection" from Appellant, the court "revoked the previously imposed [intermediate-punishment] sentences and resentenced [Appellant], in all three cases, to three years' probation[,] to be served on Electronic Home Monitoring … through the [D]rug [C]ourt program." *Id.* (citing N.T., 12/12/22, at 3-4).

Appellant thereafter committed a DUI offense, and pled guilty to that crime in an unrelated case. He also admitted to using the illegal drug suboxone while incarcerated. Consequently, on January 29, 2024, he appeared before the drug court in the instant cases for a revocation of probation hearing. His probation officer recommended that "he be revoked from the Drug Court program[,]" as she did not "believe [that] there [were]

---

[42 Pa.C.S. §] … 9721, which authorized a sentence of county intermediate punishment as a sentencing option, and [42 Pa.C.S. §] … 9773, which provided for the termination, modification, or revocation of a county intermediate punishment sentence, were repealed effective December 18, 2019. Further, [42 Pa.C.S. §] … 9763, which previously was titled "Sentence of county intermediate punishment," was retitled "Conditions of probation," and intermediate punishment is now classified as a type of probation.

*Commonwealth v. Hoover*, 231 A.3d 785, 790 (Pa. 2020) (citations omitted). Thus, Appellant refers to this sentence as both 'intermediate punishment' and 'probation' interchangeably.

any more supervision options left" for Appellant. N.T., 1/29/24, at 3. When Appellant spoke, he apologized for his actions and stated that he did "need help." *Id.* at 5. Ultimately, the court decided to revoke Appellant "from the Drug Court program[,]" reasoning that, "I don't think there is anything we can do for you." *Id.* at 5-6. The court ordered that a presentence report be completed and a date be set for his resentencing hearing. *Id.* at 6.

On July 22, 2024, Appellant appeared for resentencing. At the close of that proceeding, the court imposed the aggregate term of incarceration set forth *supra*. Specifically, the court sentenced Appellant to a term of 18 to 36 months' incarceration in each of his three cases, and imposed those terms to run consecutively. He was given 796 days of credit for time served.

Appellant filed a timely post-sentence motion. Therein, he requested a modification of his sentence based, essentially, on various mitigating factors that he listed, such as: his acceptance of responsibility and remorse; the personal losses that he had suffered; his obtaining his GED and a certification in heating, ventilation, and air condition (HVAC); his work history; and that his non-violent criminal history reflects his substance abuse issues, for which he had been routinely honest and sought help and treatment to address. **See** Post-Sentence Motion, 7/29/24, at 3-5. The court denied Appellant's motion.

Appellant filed timely notices of appeal in each of cases, which this Court consolidated *sua sponte* on September 12, 2024. The court and Appellant thereafter complied with Pa.R.A.P. 1925. Herein, Appellant states one issue for our review:

Whether the [t]rial [c]ourt abused its sentencing discretion in failing to apply all mandatory sentencing criteria, including the protection of the public, the gravity of the offense, and [Appellant's] personal history, characteristics, and rehabilitative needs, in violation of 42 Pa.C.S.[] § 9721(b)?

Appellant's Brief at 9.

Appellant's issue challenges the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations and quotation marks omitted).

Here, Appellant filed timely notices of appeal, and he has included a Rule 2119(f) statement in his appellate brief. *See* Appellant's Brief at 16-20. Therein, Appellant argues that in imposing his sentence of incarceration, the

court focused solely on his criminal history and disregarded the required factors under 42 Pa.C.S. § 9721(b), namely, "his personal history, characteristics, and significant rehabilitative needs." *Id.* at 19-20.

The Commonwealth contends that Appellant has waived his claim for our review by not preserving it in his post-sentence motion. *See* Commonwealth's Brief at 13. As the Commonwealth observes, Appellant made no mention of the court's failure to consider the section 9721(b) factors in that motion, arguing only that "the court failed to consider certain factors." *Id.* at 14. It was not until Appellant's Rule 1925(b) statement that he first raised his section 9721(b) claim. *See* Appellant's Rule 1925(b) Statement, 10/30/24, at 3 ("The trial court failed to consider the mandatory sentencing factors of [Appellant's] personal history, character, and significant rehabilitative needs, in violation of 42 Pa.C.S.[] § 9721(b).").

In his reply brief, Appellant argues that we should overlook his failure "to quote the exact language of the statute in his post-sentence motion" because his motion was denied without a hearing and, therefore, "he was not afforded the opportunity to clarify the claims raised in his post-sentence motion." Appellant's Reply Brief at 5. In support, he relies on a footnote in *Commonwealth v. Reid*, 323 A.3d 26, 29 n.1 (Pa. Super. 2024), where we found Reid's claim on appeal that the court failed to consider the section 9721(b) factors was encompassed within his post-sentence motion claim that his sentence was "excessive based on his prior record, work history, mitigation report, [presentence investigation report,] and sentencing guidelines." *Id.*

(cleaned up). We noted that because there was no post-sentence motion hearing, the record was "unclear" on "whether or not these issues are the same." ***Id.*** Accordingly, we chose to "give Reid the benefit of the doubt" and found his issue preserved. ***Id.***

Here, we will likewise give Appellant the benefit of the doubt that his issue is preserved as we did in ***Reid*** because, for the reasons that follow, we also conclude that no relief is due on the merits his claim. ***See id.*** ("***Due to our disposition***," in which we found no merit to Reid's sentencing claim, "we will give Reid the benefit of the doubt and find his issue is preserved.") (emphasis added).

Preliminarily, we note that, "an averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors has been found to raise a substantial question." ***Id.*** at 30 (cleaned up). Thus, Appellant has stated a substantial question for our review. Accordingly, we will assess the merits of his claim, mindful that:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] … the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Commonwealth v. Colon*, 102 A.3d 1033, 1044 (Pa. Super. 2014) (quotation marks and citations omitted).

Additionally, we observe that, when imposing a probation revocation sentence, the trial court must follow the general principle that the sentence be "consistent with … the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). In all cases where the trial court resentences an offender following revocation of probation, the trial court must place its reasons for the sentence on the record. 42 Pa.C.S. § 9721(b); *Commonwealth v. Cartrette*, 83 A.3d 1030, 1040–41 (Pa. Super. 2013). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1282–83 (Pa. Super. 2010).

Instantly, Appellant argues that in fashioning his sentence, "[t]he [t]rial [c]ourt failed to account for [his] significant rehabilitative needs in violation of [s]ection 9721(b)." Appellant's Brief at 21. He stresses that, "[w]hen imposing [a] sentence, a court is **required** to consider the particular circumstances of the offense and **the character of the defendant**. In

- 8 -

considering these factors, the court should refer to the defendant's prior criminal record, age, **personal characteristics and potential for rehabilitation**." **Id.** at 22 (quoting **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1075 (Pa. Super. 2019) (emphasis added by Appellant)).

Appellant claims that here, the court completely ignored his mitigating qualities, personal characteristics, and rehabilitative needs and efforts. Namely, Appellant told the court that in November of 2021, he suddenly lost his fiancée due to a drug overdose. **See** N.T., 7/22/24, at 7. His probation officer testified at the revocation hearing that Appellant had not yet dealt with his drug use and grief surrounding that loss. **See** N.T., 1/29/24, at 3, 5. According to Appellant, the court wholly ignored this testimony.

Appellant also complains that the court did not take into account the improvement in his behavior and rehabilitation he was undergoing while incarcerated in the county jail, and that "his required level of care simply could not be adequately addressed through the state incarceration system." Appellant's Brief at 27. He says that instead of considering his rehabilitative needs, character, and personal history, the court focused solely on his prior criminal record, stating the following before imposing his sentence:

> THE COURT: [Appellant], here's the problem. This goes back to Judge Dauer [in] 1994, DUI; Cambria County, 1996, DUI; Westmoreland County, 2004, terroristic threats; 2003 in Allegheny County, theft, possession of instruments of a crime, retail theft; 2005, criminal mischief; 2005, possession of instruments of a crime; 2006, F3 retail theft; 2007, DUI; Westmoreland County, 2008, burglary; 2008, Allegheny County, burglary count; in 2009, burglary count, and restitution remains unpaid; 2014, retail theft before Judge Flaherty; Westmoreland

County, 2015, criminal conspiracy; Westmoreland County, 2019, retail theft F3.

It just goes on and on. 2019, habitual offenders; 2022, driving while suspended over and over again.

I don't think you're getting the message here. You know, they worked with you here. They worked with you very hard to try and get you on the straight and narrow. It hasn't worked out.

N.T., 7/22/24, at 10-11. Based on this statement, Appellant claims that it is clear the court ignored the section 9721(b) factors and abused its discretion in sentencing him.

We disagree. Although the court did not undertake a lengthy discussion of its sentencing rationale, the record as a whole reflects that it considered the requisite statutory factors. Appellant does not dispute that the court had a presentence report, and he acknowledges the "general rule … that the existence of a presentence investigation report creates the presumption that the trial court was aware of the defendant's character and rehabilitative needs, and weighted [*sic*] those considerations along with the other statutory sentencing factors." Appellant's Brief at 23 (citing ***Commonwealth v. McCain***, 176 A.3d 236, 242 n.3 (Pa. Super. 2017) (citations omitted)). Although Appellant correctly notes that the presumption is rebuttable, ***id.*** (citing ***McCain***, ***supra***), we do not agree with him that he has rebutted it herein. He does not dispute that throughout the revocation proceedings in this case, the court heard testimony and argument regarding all of the factors that Appellant now claims the court disregarded. Additionally, defense counsel highlighted the following mitigating circumstances: Appellant

obtained his GED and HVAC certification, N.T., 7/22/24, at 6; he had a good work history, *id.*; although he had positive drug screens, he also had made many prompt admissions and had immediately sought treatment, *id.* at 6-7; not only did he lose his fiancée suddenly, but he was solely responsible for her burial and services, as she had no family, *id.* at 7-8; he had no history for crimes of violence or weapons offenses, *id.* at 8; and he was participating in a treatment program in the county jail, *id.* at 9.

However, in response to Appellant's mitigating factors, the Commonwealth stressed to the court that its "biggest concern" was that Appellant "has continued to drive while his license has been suspended while he's been in the Drug Court program." *Id.* In the trial court's opinion, it elaborates on that point, explaining:

> In reference to the Commonwealth's concern regarding [Appellant's] continued driving while under suspension, the [p]resentence report reflects that he was found during a traffic stop on January 30, 2019[,] to be driving under suspension in possession of a bundle of heroin, a crack pipe[,] and a hypodermic needle; that on June 12, 2019[, Appellant] was found driving under suspension after a traffic stop for failing to maintain his lane and running a red light[,] and [was] found to be in possession of drug paraphernalia for smoking crack cocaine and hypodermic needles; that on June 18, 2019[, Appellant] was driving under suspension and was involved in a two vehicle crash, fled the scene[,] and officers located him … with an odor of alcohol, slurred speech[,] and unsteady gate; [and] that on February 3, 2023[,] he was found slumped over the wheel of a vehicle that was still running with a needle and … a paper towel with blood found next to him.
>
> The [p]resentence [r]eport also indicates that [Appellant's] driving privileges have been suspended since February 9, 1995[,] with numerous suspensions for failure to respond; driving under

suspension; exceeding maximum speed; [Accelerated Rehabilitative Disposition]-DUI; stop sign violation; DUI's — Alcohol and Controlled Substance related; [and] following too closely and [t]oo [f]ast for [c]onditions. The report also indicates four accidents, including one with injury and three with property damage.

Trial Court Opinion (TCO), 12/10/24, at 3.

The Commonwealth also averred at the sentencing hearing that it had tried to "work[] with [Appellant] and cut him several breaks[,]" but he had not turned things around. N.T., 7/22/24, at 9. In its opinion, the trial court expands on this point, stating:

> In this case, consideration was given to the fact that[,] despite the opportunity to participate in the Drug Court program[, Appellant] repeatedly violated the terms of his participation…. The [revocation of probation r]eport and the [p]resentence [r]eport detailed [Appellant's] extensive history in the criminal justice system and his repeated violations of the terms of his probations. [Appellant's] history while serving his periods of probation related to … various offenses[,] includ[ing] the use of heroin, cocaine[,] and fentanyl.
>
> As noted at sentencing, [Appellant] was given repeated chances to participate in treatment programs and failed to abide by the terms of his probation. In addition, it is noted that [Appellant] continued to be a threat to the public in general by his continued driving while under suspension. [Appellant's] license was suspended [in] 1995 and he [has] continued to drive with repeated instances of [DUI], even to the extent of being found slumped over the wheel of a running motor vehicle. The record reflects that total confinement is required in this case[,] in light [of] the undue risk that [Appellant] will commit additional crimes while on probation or partial confinement[,] and that he is in need of correctional treatment by commitment to an institution. [Appellant's] failure to respond to treatment and the rehabilitation programs he has been involved in indicates that the sentences of total confinement would be appropriate for him to address his rehabilitative needs. The sentences also reflect consideration of the repeated nature of his conduct.

> [Appellant's] contention that inadequate consideration was given to the mandatory sentencing factors is meritless. All of the required factors were considered in imposing the sentences. The statements on the record and the referenced reports clearly reflect the basis for sentences. It is recognized that the sentencing court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under [s]ection 9721(b). The review of the presentence report by the court also indicates the reasons for imposing the sentence. ***Commonwealth v. Burns***, 765 A.2d 1144[, 11501] (Pa. Super. 2000). The record as a whole reflects that due consideration was given to the sentencing factors and there was not an abuse of discretion in imposing the sentences in these cases.

TCO at 4-5.

Given the record before us, and the explanation provided in the court's opinion, we are satisfied that the court adequately considered the statutory factors in fashioning Appellant's term of incarceration. Clearly, the court placed more weight on Appellant's lengthy criminal history, the danger he poses to the public, and the many opportunities at rehabilitation that he has squandered than his recent attempt at treatment or Appellant's other mitigation evidence. The record supports the court's decision and, therefore, we are bound to affirm. ***See Commonwealth v. Marts***, 889 A.2d 608, 616 (Pa. Super. 2005) ("[I]f the sentencing court, after considering the appropriate section 9721 sentencing factors, states valid reasons for its sentence, which are supported by the record, this Court must affirm the decision even if the particular panel does not agree with the weight the sentencing court accorded them."). Therefore, no relief is due on Appellant's sentencing challenge.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE:  10/09/2025